**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of _____
(State)

Case number (*if known*): _____ Chapter _____

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Volusion, LLC |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | Volusion<br>Volusion, Inc.<br>MOZU<br>Mozu Inc. |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number (EIN)** | 8 0 – 0 3 5 9 0 3 7 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 1835-A Kramer Ln. | N/A |
| Number       Street | Number       Street |
| Suite 100 | |
| | P.O. Box |
| Austin                    TX    78758 | |
| City                      State     ZIP Code | City                      State     ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Travis | N/A |
| County | Number       Street |
| | |
| | City                      State     ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website (URL)** | www.Volusion.com |

| Debtor | Volusion, LLC | Case number *(if known)* | |
|---|---|---|---|
| | *Name* | | |

**6.  Type of debtor**

- ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
- ☐ Partnership (excluding  LLP)
- ☐ Other. Specify: _____

**7.  Describe debtor's business**

A. *Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☑ None of the above

B. *Check all that apply:*

- ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

<u>5</u> <u>1</u> <u>1</u> <u>2</u>

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ☑ Chapter 11. *Check all that apply:*

  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  - ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  - ☐ A plan is being filed with this petition.

  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

- ☐ Chapter 12

Debtor   __Volusion, LLC_____     Case number (if known)_____
                   Name

---

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

☑ No

☐ Yes.   District _____  When _____  Case number _____
                                                   MM / DD / YYYY

If more than 2 cases, attach a separate list.

District _____  When _____  Case number _____
                                                   MM / DD / YYYY

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☑ No

☐ Yes.   Debtor _____  Relationship _____

List all cases. If more than 1, attach a separate list.

District _____  When _____
                                                   MM / DD / YYYY

Case number, if known _____

---

**11. Why is the case filed in *this district*?**

Check all that apply:

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                                            Number        Street

_____
City                                        State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

| Debtor | Volusion, LLC | Case number (if known) |
|---|---|---|
| | Name | |

| | | Check one: |
|---|---|---|
| 13. | Debtor's estimation of available funds | ☐ Funds will be available for distribution to unsecured creditors. |
| | | ☑ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |

| 14. Estimated number of creditors | ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
|---|---|---|---|
| | ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| | ☑ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| | ☐ 200-999 | | |

| 15. Estimated assets | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☑ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| 16. Estimated liabilities | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☑ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| 17. Declaration and signature of authorized representative of debtor | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. |
|---|---|
| | I have been authorized to file this petition on behalf of the debtor. |
| | I have examined the information in this petition and have a reasonable belief that the information is true and correct. |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  07/27/2020
            MM / DD / YYYY

X  _~~~~~~~~~~~~~~~~~~~~_                    _Tim STALLKAMP_
Signature of authorized representative of debtor          Printed name

Title  _CHIEF RESTRUCTURING OFFICER_

| Official Form 201 | Voluntary Petition for Non-Individuals Filing for Bankruptcy | page 4 |
|---|---|---|

Debtor    Volusion, LLC
_____
          Name

Case number (if known)_____

---

**18. Signature of attorney**

✗  _Matthew Cavenaugh_ (signature)

Signature of attorney for debtor

Date  07/27/2020
      _____
      MM  / DD  / YYYY

Matthew D. Cavenaugh
_____
Printed name

Jackson Walker LLP
_____
Firm name

1401 McKinney Street, Suite 1900
_____
Number          Street

Houston
_____
City

TX
_____
State

77010
_____
ZIP Code

(713) 752-4284
_____
Contact phone

mcavenaugh@jw.com
_____
Email address

24062656
_____
Bar number

TX
_____
State

---

**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOLUSION, LLC, | ) | Case No. 20-_____(____) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**LIST OF EQUITY SECURITY HOLDERS[1]**

| Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| KSCO Holdings, Inc. | 1999 Bryan Street, Suite 900 Dallas, TX 75201 | 88.31% |
| Main Street Equity Interests, Inc. | 1300 Post Oak Blvd. Houston, TX 77056 | 8.18% |
| HMS Equity Holding, LLC | 2800 Post Oak Blvd., Suite 5000 Houston, TX 77056 | 3.51% |

---

[1]   This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

| Fill in this information to identify the case: |
|---|

Debtor name:  Volusion, LLC

United States Bankruptcy Court for the: _____ District of  Texas
                                                         (State)

Case number (If known):   _____

☐ Check if this is an amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Google Inc. 1600 Amphitheatre Parkway, Mountain View, California 94043 | 650-253-0000 | Trade Debt | | | | 225,690.68 |
| 2 | Lolay, Inc. 8605 Santa Monica Blvd., #90034, Los Angeles, CA 90069 | 888-806-6033 | Contractor | | | | 88,710.00 |
| 3 | DK Strategic Solutions LLC 15760 Ventura Boulevard, 7th Floor, Encino, CA 91436 | 818-325-3820 | Contractor | | | | 75,000.00 |
| 4 | AKF3 Kramer, LLC 800 Brickell Ave. Suite 701 Miami FL 33131 | 305-392-4027 | Landlord | | | | 66,947.59 |
| 5 | New Voice Media 49 Stevenson St., Suite 1000 San Francisco, CA 94105 | 1-844-365-9460 | Trade Debt | | | | 59,460.27 |
| 6 | Avalara 255 S King St #1800, Seattle, WA 98104 | 877-780-4848 | Trade Debt | | | | 46,369.34 |
| 7 | Fastly Inc. 475 Brannan St. #300 San Francisco, CA 94107 | 1-844-432-7859 | Trade Debt | | | | 39,781.64 |
| 8 | Reflectiz Yigal Alon 114, Tel Aviv | 972-79-5599269 | Trade Debt | | | | 38,000.00 |

Debtor   Volusion, LLC
_____   Case number (if known)_____
Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9  American Express Plum<br>P.O. Box 981531,<br>El Paso, TX 79998-1531 | 1-800-528-2122 | Trade Debt | | | | 32,500.00 |
| 10  Take2 Holdings LLC<br>1920 Sam Bass Road #700,<br>Round Rock, TX 78681 | 512-856-5869 | Contractor | | | | 30,000.00 |
| 11  American Express CPC<br>P.O. Box 981531,<br>El Paso, TX 79998-1531 | 1-800-528-2122 | Trade Debt | | | | 25,000.16 |
| 12  Impact Tech Inc.<br>Empire State Building,<br>350 Fifth, Avenue, 36th floor,<br>New York, NY 10118 | 917-720-2883 | Trade Debt | | | | 22,500.00 |
| 13  Kudelski Security, Inc<br>5090 North 40th Street, Suite 450,<br>Phoenix, AZ 85018 | 623-235-2500 | Trade Debt | | | | 19,245.83 |
| 14  Datadog, Inc<br>620 8th Ave 45th Floor,<br>New York, NY 10018 USA | 866-329-4466 | Trade Debt | | | | 14,329.47 |
| 15  New Life CFO<br>17766 Preston Rd #105,<br>Dallas, TX 75252 | 214-775-0803 | Contractor | | | | 14,318.40 |
| 16  CenturyLink<br>a/k/a Level 3 Communications, LLC<br>100 CenturyLink Drive,<br>Monroe, LA 71203 | 318-388-9000 | Utility | | | | 12,918.63 |
| 17  Ninja Partners, Inc<br>503 Neches St,<br>Austin, TX 78701 | 1-800-594-7695 | Trade Debt | | | | 12,886.96 |
| 18  Dun & Bradstreet<br>a/k/a Lattice Publishing, LLC<br>103 JFK Parkway,<br>Short Hills, NJ 07078 | 973-921-5500 | Trade Debt | | | | 12,000.00 |
| 19  Verizon Wireless<br>a/k/a XO Communications<br>2100 S IH 35 Frontage Rd,<br>Austin, TX 78704 | 1-800-421-3872 | Utility | | | | 11,161.56 |
| 20  Rackspace US Inc<br>1 Fanatical Pl, City of Windcrest,<br>San Antonio, TX 78218 | 1-800-961-4454 | Trade Debt | | | | 10,768.10 |

# UNANIMOUS WRITTEN CONSENT
# OF THE BOARD OF MANAGERS OF
# VOLUSION, LLC
# JULY 27, 2020

THE UNDERSIGNED, constituting all of the Managers on the Board of Managers (the "Board") of Volusion, LLC, a Delaware limited liability company (the "Company"), effective as of the execution of this Unanimous Written Consent, take the following actions and adopt the following resolutions without a meeting, as authorized by Section 7.14 of the Second Amended and Restated Limited Liability Company Agreement of the Company, dated as of November 23, 2016 (as amended or amended and restated to date), and the laws of the state of Delaware:

### *Filing of Chapter 11 Case*

WHEREAS, the Board has considered presentations by Company management and the financial and legal advisors of the Company regarding the liabilities and liquidity of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business;

WHEREAS, the Board previously appointed Timothy B. Stallkamp as Chief Restructuring Officer of the Company (the "CRO");

WHEREAS, the Board has had the opportunity to consult with management and the financial and legal advisors of the Company and to fully consider each of the strategic alternatives available to the Company;

WHEREAS, the Board believes that it is desirable and in the best interests of the Company (including a consideration of its creditors and other parties in interest) that the Company file a voluntary petition for relief (the "Chapter 11 Case") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

WHEREAS, the Company has engaged in good-faith negotiations with (a) certain holders of, or investment advisors, sub-advisors, or managers of claims on account of loans under that certain Amended and Restated Loan Agreement, dated November 23, 2016 (as amended, modified, waived, and/or supplemented from time to time, the "Loan Documents"), by and among the Company, Main Street Capital Corporation ("Main Street") and HMS Income Fund, Inc. ("HMS," and together with Main Street, the "Secured Lenders"), and (b) the administrative agent under the Loan Documents, regarding the terms of a comprehensive restructuring and the filing of the Chapter 11 Case; and

WHEREAS, the Secured Lenders have agreed to consent to the filing of the Chapter 11 Case by executing the Secured Lenders Consent, in substantially the form attached hereto as Exhibit A.

NOW, THEREFORE, BE IT RESOLVED, that the Company shall be, and hereby is, authorized to file, or cause to be filed the Chapter 11 Case under the provisions of chapter 11 of title 11 of the Bankruptcy Code in a court of proper jurisdiction and any other petition for relief or

1

recognition or other order that may be desirable under applicable law in the United States; and it is further

RESOLVED, that the CRO and Troy Pike, an authorized representative of the Company, (each, an "<u>Authorized Signatory</u>" and collectively, the "<u>Authorized Signatories</u>"), acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered, and directed to execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business.

## *Retention of Professionals*

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Jackson Walker L.L.P. ("<u>Jackson Walker</u>") as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Jackson Walker; and it is further

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm Conway MacKenzie Management Services, LLC ("<u>Conway MacKenzie</u>"), as restructuring advisor to the Company to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to employ or retain the services of Conway MacKenzie; and it is further

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and it is further

RESOLVED, that each of the Authorized Signatories be, and they hereby are, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper, or desirable in connection with the Company's Chapter 11 Case, with a view to the successful prosecution of the case.

### *General*

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Signatory's judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and it is further

RESOLVED, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice; and it is further

RESOLVED, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby, in all respects, approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Board; and it is further

RESOLVED, that each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment to effectuate the purposes of the transactions contemplated herein.

* * * * *

3

IN WITNESS WHEREOF, the undersigned have executed this Unanimous Written Consent to be effective as of the dates shown. Any copy, facsimile, or other reliable production of this action (including, without limitation transmission by .pdf) may be substituted in lieu of the original writing for any and all purposes for which the original writing could be used, provided that such copy, facsimile or other reproduction be a complete reproduction of the entire original writing.

Name:  Troy Pike
Title:   Manager
Date:   7/27/2020


Name:  Jeremy Rosenthal
Title:   Manager
Date:   7/27/2020

Name:  Curt Lindeman
Title:   Manager
Date:   7/27/2020

Signature Page to Unanimous Written Consent of
Board of Managers of Volusion, LLC

IN WITNESS WHEREOF, the undersigned have executed this Unanimous Written Consent to be effective as of the dates shown. Any copy, facsimile, or other reliable production of this action (including, without limitation transmission by .pdf) may be substituted in lieu of the original writing for any and all purposes for which the original writing could be used, provided that such copy, facsimile or other reproduction be a complete reproduction of the entire original writing.


Name: Troy Pike
Title:  Manager
Date:  7/27/2020


Name: Jeremy Rosenthal
Title:  Manager
Date:  7/27/2020


Name: Curt Lindeman
Title:  Manager
Date:  7/27/2020

## **EXHIBIT A**

**Form of Secured Lenders Consent**

[See attached.]

## SECURED LENDERS CONSENT

### JULY 27, 2020

The undersigned (i) administrative agent (the "Agent") under that certain Amended and Restated Loan Agreement, dated November 23, 2016 (as amended or amended and restated to date), by and among Volusion, LLC (the "Company"), Main Street Capital Corporation ("Main Street") and HMS Income Fund, Inc. ("HMS," and together with Main Street, the "Secured Lenders"), and (ii) Secured Lenders hereby consent to the following as of the date first written above:

### *Filing of Chapter 11 Case*

WHEREAS, in the judgment of the Board of Managers of the Company (the "Board"), it is desirable and in the best interests of the Company (including a consideration of its creditors and other parties in interest) that the Company file, or cause to be filed, a voluntary petition for relief (the "Chapter 11 Case") under the provisions of chapter 11 of title 11 of the United States Code in a court of proper jurisdiction and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States;

WHEREAS, in connection with the Chapter 11 Case, the Company would file (i) a Voluntary Petition for Non-Individuals Filing for Bankruptcy, in substantially the form attached hereto as Exhibit A (the "Petition"), (ii) an Emergency Motion for Authority to Use Cash Collateral and Granting Adequate Protection to Prepetition Secured Parties, in substantially the form attached hereto as Exhibit B (the "Motion"), and (iii) the form of Interim Order to be filed with the Motion, in substantially the form attached hereto as Exhibit C (the "Interim Order," and together with the Petition and Motion, the "Chapter 11 Filings");

WHEREAS, the Agent and Secured Lenders have reviewed the Chapter 11 Filings and engaged in good-faith negotiations with the Company regarding the terms of a comprehensive restructuring and the filing of the Chapter 11 Case;

WHEREAS, pursuant to Section 7.3(a)(xi) of the Second Amended and Restated Limited Liability Company Agreement of the Company, dated November 23, 2016 (as amended or amended and restated to date) (the "Company Agreement"), the Board may not file the Chapter 11 Case without the approval of the Main Street Manager (as defined in the Company Agreement);

WHEREAS, as of the date hereof, there is no Main Street Manager appointed to the Board;

WHEREAS, for the avoidance of doubt, the Agent and Secured Lenders (including Main Street in all of its capacities) have determined that the terms and provisions of the Chapter 11 Filings, the Chapter 11 Case and the transactions contemplated thereby are fair to, advisable and in the best interests of the Company and the Secured Lenders.

NOW THEREFORE, BE IT RESOLVED, that the undersigned Agent and Secured Lenders (including Main Street in all of its capacities) hereby approve and consent to the form, terms and provisions of, and the transactions contemplated by, the Chapter 11 Filings and the Chapter 11 Case; and it is further

1

RESOLVED, that the undersigned Agent and Secured Lenders (including Main Street in all of its capacities) hereby approve and consent to any and all actions taken, done or performed in connection with the authority granted by the foregoing resolutions, and all legal actions of any nature whatsoever previously taken by any manager, officer, employee, agent, attorney or other representative of the Company contemplated by, arising out of or in connection with the subject of the foregoing resolutions.

54594/0011-20933742v1
2" = "2" "26415890v.1" "" 26415890v.1

Fill in this information to identify the case and this filing:

Debtor Name        Volusion, **LLC**

United States Bankruptcy Court for the:        Southern District of Texas

Case number (If known):                                    (State)

# Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors            12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| 07/27/2020 | ☒ */s/ Tim Stallkamp* |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Tim Stallkamp** |
| | Printed name |
| | **Authorized Signatory** |
| | Position or relationship to debtor |

**Official Form 202**            **Declaration Under Penalty of Perjury for Non-Individual Debtors**

26420081v.1