IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| VOLUSION, LLC[1] | § | Case No. 20-50082 (DRJ) |
| | § | |
| Debtor. | § | |
| | § | |

**DEBTOR'S <u>EMERGENCY</u> MOTION FOR
AUTHORITY TO USE CASH COLLATERAL AND GRANTING
<u>ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES</u>**

> **EMERGENCY RELIEF HAS BEEN REQUESTED. A HEARING WILL BE CONDUCTED ON THIS MATTER ON JULY 30, 2020, AT 1:45 P.M. (CENTRAL TIME) IN COURTROOM 400, 4TH FLOOR, 515 RUSK STREET, HOUSTON, TEXAS 77002. IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST EITHER APPEAR AT THE HEARING OR FILE A WRITTEN RESPONSE PRIOR TO THE HEARING. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**
>
> **AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S REGULAR DIAL-IN NUMBER. THE DIAL-IN NUMBER IS +1(832) 917-1510. YOU WILL BE RESPONSIBLE FOR YOUR OWN LONG-DISTANCE CHARGES. YOU WILL BE ASKED TO KEY IN THE CONFERENCE ROOM NUMBER. JUDGE JONES' CONFERENCE ROOM NUMBER IS 205691.**
>
> **PARTIES MAY PARTICIPATE IN ELECTRONIC HEARINGS BY USE OF AN INTERNET CONNECTION. THE INTERNET SITE IS WWW.JOIN.ME. PERSONS CONNECTING BY MOBILE DEVICE WILL NEED TO DOWNLOAD THE FREE JOIN.ME APPLICATION.**

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: Volusion, LLC (9037). The Debtor's service address is 1835A Kramer Lane, Suite 100, Austin, TX 78758.

> **ONCE CONNECTED TO WWW.JOIN.ME, A PARTICIPANT MUST SELECT "JOIN A MEETING". THE CODE FOR JOINING THIS HEARING BEFORE JUDGE JONES IS "JUDGEJONES". THE NEXT SCREEN WILL HAVE A PLACE FOR THE PARTICIPANT'S NAME IN THE LOWER LEFT CORNER. PLEASE COMPLETE THE NAME AND CLICK "NOTIFY".**
>
> **RELIEF IS REQUESTED NO LATER THAN JULY 30, 2020.**

The above-captioned debtor and debtor in possession (the "Debtor") respectfully states as follows in support of this motion (this "Motion"):

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtor confirms its consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of an interim order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter interim orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are §§ 105 and 363 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and Bankruptcy Rule 6004.

**Background**

4. The Debtor, Volusion, LLC, was founded in 1999 and based in Austin, Texas. It is a SaaS software developer focusing on creating customer websites and e-commerce platforms for clients. It concentrates on the small and mid-sized business segments. The company serves

customers across a variety of industries such as apparel, sporting goods, and specialty retailers. The company has approximately 150 employees.

5. On January 26, 2015, Main Street Capital Corporation ("Main Street"), as agent, provided the Debtor with a senior secured term loan in the amount of $25.0 million and a $20.0 million direct equity investment for growth financing to fund the research and development, capitalized software costs and sales and marketing efforts associated with the development and implementation of the Debtor's Mozu platform. On November 23, 2016, the Company completed the sale of its Mozu business and entered into an Amended and Restated Loan Agreement with Main Street, dated November 23, 2016 (as amended, modified, waived, and/or supplemented from time to time, the "Loan Documents"), by and among Debtor, Main Street and HMS Income Fund, Inc. ("HMS," and together with Main Street, the "Secured Lenders"), pursuant to which secured notes due January 26, 2020 (the "Secured Notes") were issued in the principal amount of approximately $30 million. On January 26, 2020, the outstanding term loan with the Secured Lenders matured. As of the Petition Date, the Secured Notes were outstanding and remain in default.

6. On June 9, 2020, the Debtor's Board of Managers was replaced and reconstituted with a new slate of independent Managers.

7. As of the Petition Date, approximately $28.9 million in principal and approximately $1.4 million in unpaid interest are outstanding in respect of the Secured Notes (together, the "Loan Obligations"), plus accrued and unpaid interest, which is secured by substantially all of the Debtor's assets, existing or acquired (the "Prepetition Collateral").

8. The Debtors' cash, including without limitation, all cash and other amounts on deposit or maintained in any account or accounts by Debtor, wherever located, any amounts

generated by the collection of accounts receivable, sale of inventory or other disposition of the Prepetition Collateral, and any proceeds of the Prepetition Collateral, in each case constitutes "cash collateral" within the meaning of section 363(a) of the Bankruptcy Code, and thus constitutes the "Cash Collateral" for purposes of this Motion.

### Relief Requested

9. The Debtor requests that the Court enter an order, substantially in the form of the order filed with this Motion (the "Interim Order"), (a) authorizing the consensual use of the Secured Lenders' Cash Collateral and (b) granting adequate protection to the Secured Lenders.

10. Allowing the Debtor to continue to use the Secured Lenders' Cash Collateral is necessary to allow the Debtor to continue to operate and to ensure the greatest return possible for all creditors. The Debtor requests that this Court approve the consensual use of the Secured Lenders' Cash Collateral.

### Proposed Budget

11. During this chapter 11 case, the Debtor requests that this Court enable access by the Company to the Cash Collateral to fund working capital, general corporate purposes, and administrative costs and expenses of the Debtor incurred in this chapter 11 case, as provided in the terms set out in the Interim Order, including in respect of the initial budget attached as Exhibit A to the Interim Order.

### Adequate Protection

12. The Secured Lenders are being adequately protected by the interim relief to justify the Debtor's use of their cash collateral. Further, the Secured Lenders consent to entry of the Interim Order.

**Emergency Consideration**

13. Pursuant to Local Bankruptcy Rule 9013-1(i), and Part (D)(9) of the Complex Procedures, the Debtor requests emergency consideration of this Motion. The relief requested is critical to the viability of its operations and that any delay in granting the relief requested could hinder the Debtor's operations and cause irreparable harm. Accordingly, the Debtor submits that it has satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully requests that the Court approve the relief requested in this Motion on an emergency basis.

**Notice**

14. Notice of the hearing on the relief requested in this Motion has been provided by the Debtor in accordance and compliance with Bankruptcy Rules 4001 and 9014, as well as the Local Bankruptcy Rules, and is sufficient under the circumstances. Without limiting the forgoing, due notice was afforded, whether by facsimile, electronic mail, overnight courier or hand delivery, to parties-in-interest, including: (a) the Office of the United States Trustee for the Southern District of Texas; (b) entities listed as holding the 20 largest unsecured claims against the Debtor; (c) the agent under the Debtor's prepetition credit facility; (d) the Office of the United States Attorney for the Southern District of Texas; (e) the state attorneys general for states in which the Debtor conducts business; (f) the Internal Revenue Service; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtor respectfully requests that the Court enter the Interim Order granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

| | |
|---|---|
| July 28, 2020 | /s/ *Matthew D. Cavenaugh* |
| | Matthew D. Cavenaugh (TX Bar No. 24062656) |
| | Jennifer F. Wertz (TX Bar No. 24072822) |

**JACKSON WALKER L.L.P.**
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4221
Email: mcavenaugh@jw.com
Email: jwertz@jw.com

**PROPOSED COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION**

## Certificate of Service

I certify that on July 28, 2020, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Matthew D. Cavenaugh*
Matthew D. Cavenaugh

## Certificate of Accuracy

Pursuant to Local Rule 9013-1(i), I hereby certify that the factual allegations contained herein are accurate to the best of my knowledge.

*/s/ Matthew D. Cavenaugh*
Matthew D. Cavenaugh