UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVSION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| VOLUSION, LLC[1] | § | Case No. 20-50082 |
| | § | (DRJ) |
| Debtor. | § | |
| | § | |
| | § | |

**OBJECTION AND RESERVATION OF RIGHTS OF KSCO HOLDINGS, INC. AND KEVIN SPROLES IN RESPONSE TO DEBTOR'S EMERGENCY MOTION FOR AUTHORITY TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES**

TO THE HONORABLE DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE:

By and through undersigned counsel, KSCO Holdings, Inc. ("KSCO") and Kevin Sproles ("Sproles") file this objection and reservation of rights (the "Objection") in response to *Debtor's Emergency Motion for Authority to Use Cash Collateral and Granting Adequate Protection to Prepetition Secured Parties* [Docket No. 4] (the "Motion"). In support of the Objection, KSCO respectfully states as follows:

**PRELIMINARY STATEMENT**

KSCO is the largest member and equity security holder in the debtor, Volusion, LLC ("Volusion" or "Debtor") -- which, according to its bankruptcy petition (the "Petition") is domiciled in Delaware with a principal place of business and assets located in Austin, Texas and nowhere else, and certainly not Laredo, Texas.[2] Kevin Sproles is the largest equity owner of

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: Volusion, LLC (9037). The Debtor's service address is 1835A Kramer Lane, Suite 100, Austin, TX 78758.

[2] Contemporaneously herewith, KSCO and Mr. Sproles filed a Motion to Transfer Venue to the Western District of Texas, Austin Division.

KSCO. He is also the founder of Volusion and until July 27, 2020 was employed by Volusion. Prior to the filing of the above-captioned chapter 11 bankruptcy case (the "Bankruptcy Case"), Main Street Capital Corporation ("Main Street"), on behalf of itself and HMS Income Fund, Inc. ("HMS" and together with Main Street, the "Lenders"), took actions through their appointed member of Volusion's Board to engineer defaults on their loan with Volusion. Main Street used the manufactured defaults to improperly seize control of KSCO's interest in Volusion and replace Volusion's Board members with Main Street's own board. Main Street then exploited its control of Volusion to the Debtor's detriment.

On July 22, 2020, KSCO was informed that a forbearance agreement had been entered into between Main Street and Volusion through August 31, 2020. Nevertheless, on July 27, 2020, Volusion, through Main Street's selected board, terminated Volusion's Chief Executive Officer and other key contractors and employees, including Mr. Sproles. That same day, Volusion filed its voluntary chapter 11 petition, thereby commencing the Bankruptcy Case in the United States Bankruptcy Court of the Southern District of Texas, Laredo Division.

Volusion now seeks an order from this Court authorizing the use of Cash Collateral and granting the Lenders, including Main Street, superpriority claims and liens as adequate protection for the use of their collateral; however, the terms of use of the Cash Collateral proposed in the Motion have not been negotiated in good faith and at arm's length between the Debtor and the Lenders; rather, as it did prior to the bankruptcy filing, Main Street has operated to control the Debtor with regard to such negotiations. Moreover, KSCO believes that the Debtor's request to use Cash Collateral is premature by, at least, one week, and unnecessary given the Debtor's current financial outlook and forecasted expenses and the pending Transfer Motion, and that the Budget

(as defined herein) contains numerous inaccuracies. For these reasons, KSCO respectfully requests that the Motion be denied.

## BACKGROUND

### I. The Loan Agreement

1. Debtor Volusion, LLC ("Volusion") entered into a Loan Agreement with lenders Main Street and HMS Income Fund ("HMS" and together with Main Street, the "Lenders") in January of 2015 in the original principal amount of $25,000,000.00, with the option to borrow an additional $10,000,000.00 for a certain time period under certain conditions. Under the Loan Agreement, Main Street was appointed as agent for each of the Lenders.

2. In order to enter into the Loan Agreement, the Lenders required Volusion to convert from a corporation to a limited liability company, enter into a new operating agreement, and set up KSCO Holdings, Inc. to own Volusion's membership interests, which membership interests were pledged as security for the loan.

3. The Loan Agreement also permitted Main Street to appoint a member of Volusion's Board of Managers (the "Board"). Until March 2020, Dwayne Hyzak acted as Chief Executive Officer and Senior Managing Director of Main Street, while simultaneously acting as Main Street's appointed member of the Board.

### II. The Bankruptcy Case

4. On July 27, 2020, Volusion filed its voluntary chapter 11 petition and commenced the Bankruptcy Case.

5. On July 28, 2020, Volusion filed the Motion, which was set for hearing on July 30, 2020 (the "Hearing").

6. As of the filing of this Objection, Volusion has filed no additional first-day motions.

7. Contemporaneous with the filing of this Objection, KSCO filed its Motion to Transfer Venue (the "Transfer Motion"), seeking to transfer the Bankruptcy Case from this Court to the Western District of Texas, Austin Division based on improper venue. KSCO has requested an emergency hearing on the Transfer Motion.

**OBJECTION**

I. **Debtor's Request to Use Cash Collateral is Premature.**

8. The budget included with the Debtor's proposed order (the "Budget") anticipates that the Debtor will not have to make any cash disbursements until the week beginning August 9, 2020. This belies the Debtor's request for emergency relief and its assertion that "any delay in granting the relief requested could hinder the Debtor's operations and cause irreparable harm." *See* Motion, ¶ 13.

9. On information and belief, the Debtor will not be required to process funds to pay its vendors until August 6, 2020, or maybe even later depending which payment method is utilized.

10. Because there is no immediate need to authorize the use of cash or cash collateral, KSCO objects to consideration of the Motion at this time and submits that the Court need not consider it on an emergency basis, nor should it be considered before the Court holds an emergency hearing on the Transfer Motion.

II. **The Cash Collateral Motion Should be Decided After KSCO's Motion to Transfer Venue.**

11. KSCO has filed its Transfer Motion seeking to transfer this Bankruptcy Case from this Court to the Western District of Texas and seeks to have it heard on an emergency basis. Volusion is a Delaware limited liability company with its principal place of business and principal assets located in Austin, Texas. Thus, there are two proper venues for the Bankruptcy Case: (1) the District of Delaware and (2) the Western District of Texas.

12.     Without waiving its objections, KSCO understands and supports the Debtor's need to access and use cash in order to operate its business and avoid irreparable harm; however, because there is no immediate need to authorize the use of cash or cash collateral in this matter, to the extent the Court determines it should enter any order authorizing the use of cash, it should authorize expenditures only in an amount sufficient to cover necessary operating expenses pending resolution of the Transfer Motion, and should only authorize the use of cash, granting no additional claims or liens to other interested parties, including the Lenders.  *See*, *e.g.*, *In re First River Energy, LLC*, Case No. 18-10080 (MFW) (D. Del. Jan. 17, 2018) (transferring venue to San Antonio, authorizing the Debtor to pay amounts budgeted solely for the week ending January 20, 2018, and fully preserving the rights of all parties in interest).[3]

13.     Ultimately, a court where venue is proper should be tasked with entering orders, hearing testimony and evidence (including potential significant cross-examination testimony) both interim and final, that could chart the course of the Bankruptcy Case.

### III.    The Proposed Budget Exceeds the Debtor's Immediate Operating Needs and Contains Other Inaccuracies.

14.     To the extent the Court does consider the Motion at this time, KSCO further objects that the Budget, as proposed, exceeds the Debtor's immediate operating needs and is otherwise inaccurate.  First, as referenced above, the Debtor has indicated that it has no cash needs prior to the week of August 9, 2020.

15.     Second, upon information and belief, prior to June 30, 2020, the Debtor was operating at a monthly net cash flow ranging from -$156,000.00 to $22,000.00 and had a positive EBITDA.  The proposed Budget forecasts a monthly negative cash flow of over $1 million.  The

---

[3] Instead of entering an interim order authorizing use of cash collateral, the Court in First River Energy entered an order entitled Order Authorizing Debtor to Spend Cash.  Docket No. 39.

Debtor should be required to justify its forecast income and expenditures to show the necessity of authorizing use of Cash Collateral.

16. Third, upon information and belief, the Debtor has the funds available to pay all pre-petition amounts due to and owing to its unsecured creditors, eliminating the need for any budget item related to an Unsecured Creditors Committee.

17. Fourth, the Debtor's forecast contradicts its own schedules. For example, the Debtor projects a payment for "Google Cloud Platform" in the amount of $217,000.00 to be paid the week of August 23, 2020, but its schedules list an unsecured claim held by Google, Inc. in the amount of $225,690.68. These discrepancies call into question the accuracy and reliability of the Debtor's forecast.

18. Fifth no payments should be budgeted or allowed for certain items like payments to members of the Volusion Board, which were appointed by Main Street. Main Street, through its control of the Volution Board, previously inflated the Debtor's cash needs prior to filing the Bankruptcy Case, casting further doubt on the accuracy of the Debtor's projections. For example, Volusion's Board (as appointed by Main Street) resolved to begin paying members of the board though such payments had not historically been made to prior members of the board or in such significantly large monthly amounts. KSCO and Sproles specifically object to any proposed budget that includes this type of payment.

## RESERVATION OF RIGHTS

19. KSCO and Sproles reserves the right to further supplement the Objection, including at the Hearing, prior to entry of any Interim or Final Order entered on the Motion.

## CONCLUSION

20. For the foregoing reasons, KSCO Holdings, Inc. and Kevin Sproles respectfully requests that this Court deny the Motion and grant such other and further relief as it deems just and proper.

Dated: July 30, 2020

Respectfully submitted,

/s/ *Eric M. Van Horn*

**SPENCER FANE LLP**
Eric M. Van Horn
TX Bar No. 24051465
2200 Ross Avenue
Suite 4800 West
Dallas, TX 75201
Office:  214-750-3610
Facsimile:  214-750-3612
ericvanhorn@spencerfane.com
**COUNSEL FOR KSCO HOLDINGS, INC. AND KEVIN SPROLES**

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2020, a true and complete copy of the foregoing objection and reservation of rights was served upon filing via the Court's CM/ECF system on all parties subscribing thereto.

/s/ Eric Van Horn
Eric M. Van Horn
.