**Hal K. Gillespie**
**State Bar No. 07925500**
**GILLESPIE SANFORD LLP**
**4803 Gaston Avenue**
**Dallas, Texas 75246**
**Telephone: (214) 800-5111**
**Facsimile: (214) 838-0001**
**ATTORNEYS FOR BARDIA DEJBAN AND BAHAR DEJBAN**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| VOUSION, LLC, | § | Chapter 11 |
| | § | |
| | § | Case No. 20-50082 (DRJ) |
| Debtor. | § | |

### MOTION FOR MODIFICATION OF DISCHARGE INJUNCTION

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT.**

**ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY ON OR PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Bardia Dejban and Bahar Dejban ("Movants") creditors, file this Motion for Modification of Discharge Injunction (the "Motion"), and support thereof would show the Court as follows:

## I. Jurisdiction

1. The Court has jurisdiction over the subject matter of the Motion pursuant to 11 U.S.C. §§103, 361, 362 and 363 and pursuant to 28 U.S.C. §§1334(b) and 157(b). At the same time (and a basis for granting this motion), this Court lacks jurisdiction to adjudicate Movants' discrimination claims, as they are personal injury tort claims. 28 U.S.C. § 157(b)(5).

## II. Background

2. On July 27, 2020 (the "Petition Date"), Volusion, LLC ("Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.

3. On November 19, 2020, the Debtor filed its Plan of Reorganization (the "Plan") [Dkt. No. 121]. On November 20, 2020, the Debtor confirmed its Plan [Dkt. No. 128]. Article XI, Paragraph B of the Plan provides: "Except as otherwise expressly provided in the Plan or the Confirmation Order, all Persons who have held, hold, or may hold Claims against the Debtor or its assets and properties are permanently enjoined on and after the Effective Date from (a) commencing or continuing in any manner any action or other proceeding of any kind against the Debtor or the Reorganized Debtor, or their assets and properties, with respect to any such Claim . . . ."

4. Article XI, Paragraph H of the Plan provides: "Confirmation of the Plan effects no settlement, compromise, waiver or release of any Claim, Cause of Action, Right of Action or claim for relief unless the Plan or the Confirmation Order specifically and unambiguously so provides. The non-disclosure or non-discussion of any particular Claim, Cause of Action, Right of Action or claim for relief is not and shall not be construed as a settlement, compromise, waiver, or release of any such Claim, Cause of Action, Right of Action or claim for relief.

5. Article VII, Paragraph A of the Plan sets out the objection process. It provides that the Debtor has the sole right to object to the allowance of Claims and provides Volusion the authority to compromise, settle or otherwise resolve all objections without approval of the Bankruptcy Court.

6. Article VI, Paragraph B of the Plan provides:

> On or as soon as practicable after the later to occur of: (i) the Effective Date and (ii) **the date such claim becomes due in the ordinary course of business**, **each holder of an Allowed General Unsecured Claim shall receive** (x) **payment in full in Cash** on account of such Allowed General Unsecured Claim, (y) such other treatment as would render such General Unsecured Claim unimpaired, or (z) such other treatment as may otherwise be agreed to by such holder and the Debtor (with the consent of the Agent).

(Emphasis added.)

7. Article I, Paragraph A (17) of the Plan set the Bar Date as November 30, 2020.

8. On November 30, 2020, Claimants timely filed their Proofs of Claim (Claims 15 and 16).

9. As of the date of this Motion, Debtor has not filed any objection to Claimants' Proofs of Claim.

10. On March 19, 2020, Claimants filed a lawsuit styled <u>Bardia Dejban and Bahar Dejban</u> in the Superior Court in the State of California for the County of Los Angeles against the Individual Defendants which has been assigned Case No. 21SMCV00517 (the "California Litigation"). The California Litigation seeks a jury trial.

11. This case involves violations of California state law, specifically the California Fair Employment and Housing Act ("FEHA") and the California Family Rights Act ("CFRA") by Volusion and individual defendants Jeremy Rosenthal, Curt Lindeman, Troy Pike and Tim Stallkamp (Individual Defendants) who acted as agents of Volusion. Claimants assert for their

First Cause of Action that Volusion and the Individual Defendants violated their rights by engaging in race, national origin, and ancestry discrimination in violation of the FEHA. Claimants assert for their Second Cause of Action that Volusion and the Individual Defendants violated their rights under the CFRA by harassing Mr. Dejban, not offering reasonable accommodation, terminating his employment, and otherwise altering the terms, conditions, or privileges of his employment. Claimants assert for their Second Cause of Action that Volusion and the Individual Defendants violated their rights under the CFRA by retaliatory, harassing, discriminatory, and adverse employment actions against Plaintiff Bahar Dejban because of her sex, her pregnancy and her pregnant condition by harassing Ms. Dejban, not offering reasonable accommodation, terminating her employment, and otherwise altering the terms, conditions, or privileges of her employment. Claimants believe that the damages are covered to some extent by an insurance policy (or policies) and that to the extent that damages exceed insurance coverage, upon liquidation of the claims by means of the California Litigation, the confirmed plan requires payment of one hundred percent of such Claims.

13. Plaintiffs have not named Volusion as a defendant in the California Litigation because of the Discharge Injunction in the Plan. Plaintiffs intend, if permitted by this Court by way of the modification of the discharge injunction Movants seek, to amend their lawsuit in the California Litigation to add Volusion as a nominal defendant solely for the purpose of collecting against insurance proceeds. **Movants are not seeking and will not seek to collect against assets of the Debtor. If the Court grants Movants' motion to modify the discharge injunction, Movants ask the Court to stay consideration of their Proofs of Claim until resolution of the California Litigation or until all necessary parties stipulate that Movants' proofs of claim may be dismissed without any prejudice to Movants' claims against Debtor for insurance**

**purposes in the California Litigation, at which point Movants' proofs of claim may be dismissed as waived.** Movants will seek damages and other relief from Individual Defendants along with insurance proceeds of the Debtor in the California Litigation.

### III. Relief Requested

A.   **Reason for this Motion and Applicable Principles**

A discharge injunction is already in place. Therefore, this is not a motion for relief from the automatic stay. This motion to modify the discharge injunction is similar to a motion for relief from the automatic stay. A motion is necessary because, under the Plan [Dkt. No. 128], Article XI, Paragraph B provides: "Except as otherwise expressly provided in the Plan or the Confirmation Order, all Persons who have held, hold, or may hold Claims against the Debtor or its assets and properties are permanently enjoined on and after the Effective Date from (a) commencing or continuing in any manner any action or other proceeding of any kind against the Debtor or the Reorganized Debtor, or their assets and properties, with respect to any such Claim . . . ."

**(1)   Principles Applicable to Motions to Modify the Discharge Injunction**

The Appellate Panel for the Tenth Circuit has explained:

> Although the Bankruptcy Code does not expressly provide for such relief, the majority of courts have concluded that the discharge injunction may be modified. **Nearly all of the cases addressing the issue involve a creditor's request to proceed in state court against a debtor nominally with respect to liability, in order to collect or recover damages from a third party, such as an insurer**.

*Burke, LLC v. Eastburg*, 447 B.R. 624, 633 (10th Cir. 2011)(emphasis added)(footnotes omitted). The United States Bankruptcy Court for the District of Columbia states similarly, "[T]o the extent that that lawsuit will affect only the assets and liability of the debtor's insurer, and not the debtor personally, Section 524(e) provides that (with an irrelevant exception) 'discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for,

such debt." This means, according to the legislative history, that 'the discharge of the debtor does not affect co-debtors or guarantors.' S.Rep. No. 95-989, p. 81." See also *In re Hendrix*, 986 F.2d 195, 177-200 (7th Cir. 1993); *HDR Architecture, P.C. v. Maguire Group Holdings,* 523 B.R. 879, 895 (S.D. Fla. 2014).

Motions to modify a discharge injunction may be granted for relief as to the debtor itself, beyond insurers and third parties. The starting point is the bankruptcy statute that provides, "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, **or for other cause."** 11 U.S.C. § 350(b)(emphasis added).

Bankruptcy courts may grant such motions to permit a creditor to litigate in state court against the debtor to recover damages, provided that any payment by the debtor is submitted to the Bankruptcy Court for approval. Although the Seventh Circuit in *In re Hendrix, supra* 986 F.2d at 196 was dealing specifically with motion to modify the debtor's discharge injunction for the purpose of proceeding against the debtor's insurer, the Court announced a broader right: "[A]ny court that issues an injunction can modify it for good cause on the motion of the party adversely affected by it. Id. at 198. As the Seventh Circuit explained, this right flows from the rulings of the Supreme Court in *Rufo v. Inmates of Suffolk County,* 112 S.Ct. 748, 758-60 (1992) and *Board of Educ. V. Dowell*, 111 S.Ct. 630 (1991).

The Seventh Circuit explained that *Rufo* adopted a "flexible standard" that assimilates the standard for modification from Fed. R. Civ. P. 60(b)(5), authorizing relief from a judgment whenever "it is no longer equitable that the judgment should have prospective application." Now, per the Seventh Circuit in *Hendrix*, "**a court can modify an injunction that it has entered whenever the principles of equity require it do so**." *In re Hendrix*, 986 F.2d at 198 (emphasis added).

After *Hendrix*, the Seventh Circuit has again articulated a flexible standard for motions to modify a discharge injunction that goes beyond insurers and third parties. In *In re Shondel*, 950 F.2d 1301, 1306-09 (7th Cir. 1991) the court noted how the Bankruptcy Code does not define "other cause," that "other cause" is within the discretion of the bankruptcy court, and provided this guidance:

> In exercising its discretion to reopen a case, "the bankruptcy court should exercise its equitable powers with respect to substance and not technical considerations that will prevent substantial justice." <u>In re Stark, 717 F.2d 322, 323 (7th Cir. 1983)</u> (per curiam). The trend in reopening cases under <u>section 350(b)</u> has thus been "to allow the bankruptcy judge broad discretion to weigh the equitable factors in each case." Michael P. Saber, <u>Section 350(b)</u>: The Law of Reopening, <u>5 Bankr. Dev. J. 63, 82 (1987)</u> (collecting cases).

*Id.* at 1304.

**(2)     Cause Due to Lack of Jurisdiction to Adjudicate Discrimination Claims**

Movants' claims against Volusion are statutory tort claims, discrimination claims under California law. They are personal injury tort claims over which this bankruptcy court, per federal law, lacks jurisdiction. *In re Pilgrim's Pride Corp.*, 2011 WL 379983528 *14 – *15 (N.D. Tx. 2011)(citing 28 U.S.C. § 157(b)(2)(B)(5) and *Stranz v. Ice Cream Liquidation, Inc.*, 281 B.R. 154, 162-64 (Bankr. D. Conn. 2002).

Movants anticipate that Debtor will argue this Court has jurisdiction because Movants filed proofs of claim in this proceeding. It is axiomatic that Movants, mere citizens, cannot re-write federal law; they cannot by their own acts confer jurisdiction on this Court that Congress has denied. Beyond that, such an argument by Debtor would be inequitable. In order to protect their rights to pursue these claims, and faced with the language (written by Debtor) in the Plan about the bar date, Movants filed timely proofs of claim. Equity should take into account the dilemma facing debtors: (a) If they did not file

proofs of claim, Volusion would argue their claims were barred. (b) If they filed proofs of claim, Volusion would argue (as they are now arguing) that the bankruptcy court has jurisdiction to adjudicate discrimination claims, but that the claims lack merit. The equitable course is to follow federal law and leave adjudication of Movants' discrimination claims under California law to the California court in the California Litigation.

### (3) Principles Applicable to Motions for Relief from the Automatic Stay

Because the Court may apply the same principles, discussion of "cause" for relief from the automatic stay is warranted. A review of the cases shows that Courts look to principles for "cause" for relief from the automatic stay to decide whether to modify discharge injunctions. The Seventh Circuit expressly took this approach in *Hawxhurst, supra* at 179, when it explained that *In re Shonel* (modifying a discharge injunction) relied on *In re Fernstrom Storage & Van Co.*, 938 F.2d 731 (7th Cir. 1991). In *Fernstrom,* the Seventh Circuit affirmed an order granting relief from the automatic stay, allowing the creditor's civil litigation to proceed against the debtor for good cause. In *Fernstrom*, the Court explained that "cause" as used in 11 U.S.C. § 362(d) has no clear definition and the bankruptcy court, in its discretion, determines cause on a case-by-case basis. Id. at 735.

A Bankruptcy Court can provide relief from the automatic stay for "good cause" under Bankruptcy Code § 362(d)(1) upon motion of the person adversely affected. *See also, Hendrix v. Page*, 986 F.2d 195 (7th Cir. 1993). Because Section 362(d)(1) does not provide a definition of "cause" for granting relief from stay, courts must determine when discretionary relief is appropriate on case-by-case basis, *In re Tucson Estates, Inc.,* 912 F. 2d 1162 (9th Cir. 1990); *In re Patel*, 2010 WL 3239128 *6 (S.D. Tex. 2010). "Cause" is a flexible concept, and courts often conduct a fact-intensive, case-by-case balancing test, examining the totality of the circumstances, to determine whether sufficient "cause" exists to lift the automatic stay. <u>In re Tribune Co.,</u> 418

B.R. 116, 126 (Bankr. D. Del. 2009). Where the state law of the foreign tribunal (California in this instance) governs the majority of the legal issues in the underlying litigation, consideration of the third and fourth *Curtis* factors (see discussion of *Curtis* factors below) weighs in favor of modifying the discharge injunction to let the underlying litigation proceed to trial in the Superior Court of Los Angeles, California. *In re Armstrong & Guy Law Office*, 2007 WL 4571152 *3 (S.D. Miss. 2007).

In determining "cause," bankruptcy courts have utilized the test formulated by the court in In re Curtis, 40 B.R. 795, 799 (Bankr. D. Utah 1984) and subsequently adopted by the Second Circuit in In re Sonnax, Indus., Inc., 907 F.2d 1280, 1286 (2d Cir.1990)[1]. The non-exclusive factors *Curtis* factors are:

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

*In re Sonnax Indus., supra.* at 1286 (citing *In re Curtis, supra* at 799-800).

Not all twelve *Curtis* factors are relevant in every case and the Court is not required to give each of the *Curtis* factors equal weight in making its determination. *In re Plumberex Specialty*

---

[1] Courts within the Fifth Circuit have applied the *Curtis/Sonnax* factors. *See, e.g. In re Alexandra Trust,* 526 B.R. 668 (N.D. Tex. 2005); *In re Patel*, 2010 WL 3239128 *6 (S.D. Tex. 2010)(noting that the decision to lift the stay may be upheld on judicial economy grounds alone); *In re Armstrong & Guy Law Office*, 2007 WL 4571152 *3 (S.D. Miss. 2007)(noting that "cause" includes allowing an action to proceed to completion in another tribunal).

*Products, Inc.* (Bankr C.D. Cal. 2004) 311 BR 551, 560. Analysis of several factors here shows that cause exists to permit the California Superior Court action to go forward as to insurers, third parties (the Individual Defendants) and Volusion (on a nominal basis only) in the California Litigation.

**B.     Relief as to Insurance proceeds and to Third Parties (the Individual Defendants)**

Movants seek to modify the discharge injunction set forth in the Plan for the purpose of continuing the California Litigation against the Debtor as a nominal party for the purpose of collecting against insurance proceeds.  Debtor is believed to have $2,000,000 in insurance coverage with respect to Movants' claim.[2]  Movants should be allowed to proceed against the Debtor nominally to collect against the insurance company because the discharge injunction granted in the Plan should have no impact on the liability of the third parties.  Section 524(c) of the Bankruptcy Code provides that "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." *See also Houston v. Edgeworth (In re Edgeworth)*, 993 F. 2d 51(5th Cir. 1993)(discharge releases the debtor from personal liability but not the insurance company).

As discussed above, a Bankruptcy Court can modify a discharge injunction for "good cause" upon motion of the person adversely affected, even to the extent of seeking relief against the debtor, whenever the principles of equity require it to do so. *See Hendrix v. Page*, 986 F.2d 195, 198 (7th Cir. 1993).

Nine of the *Curtis* factors are applicable:

(1) whether relief would result in a partial or complete resolution of the issues;
(2) lack of any connection with or interference with the bankruptcy case;
. . .

---

[2]   The Bardia Dejban claim is for $11,875,000 (Claim 15-1, p. 2).  The Bahar Dejban claim is for $9,250,000 (Claim 16-1, p. 2).

(4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
(5) whether the debtor's insurer has assumed full responsibility for defending it;
(6) whether the action primarily involves third parties;
(7) whether litigation in another forum would prejudice the interests of other creditors;
. . .
(10) the interests of judicial economy and the expeditious and economical resolution of litigation;
(11) whether the parties are ready for trial in the other proceeding; and
(12) impact of the stay on the parties and the balance of harms.

*In re Sonnax Indus., supra* at 1286 (citing *In re Curtis, supra* at 799-800).

Looking to the applicable (equitable) *Curtis* factors, cause exists to modify the discharge injunction so that Movants may proceed against Volusion as a nominal defendant in the California Litigation for the following reasons:

1. **Complete or Partial Resolution of Issues**

This factor weighs in favor or modifying the discharge injunction to permit Movants to pursue the Debtor as a defendant in the California Litigation. In that case all defendants will be present. Apportionment issues between the Individual Defendants and Volusion can and should be decided before one jury at one time. The modification Movants seek will render moot Debtor's objections to Movants' proofs of claim, obviate the need for discovery by the parties in the bankruptcy proceeding, and free this Court from this controversy.

2. **Lack of Connection with or Interference with Bankruptcy Case**

This factor also weighs in favor or modifying the discharge injunction to permit Movants to pursue the Debtor as a defendant in the California Litigation. Simply put, this modification of the discharge injunction will not cause any interference with the bankruptcy court. Volusion has emerged from bankruptcy. The California Litigation will take the place of an adversary proceeding as to Debtor's violations or lack thereof of Movants' employment law rights under California law;

there will not be two such proceedings. Granting this motion will actually assist in the administration of the bankruptcy estate because it will eliminate any claims litigation in the Bankruptcy Court.

### 4. Whether a Specialized Tribunal with the Necessary Expertise Has Been Established to Hear the Cause of Action

This factor heavily weighs in favor or modifying the discharge injunction to permit Movants to pursue the Debtor as a defendant in the California Litigation.[3] California Superior Court is, in effect, a specialized tribunal with the necessary expertise to hear Movants' employment law claims under California law. It is important to note that Movants bring their claims under California state law, where appeals, if any, go to state, not federal, court. The CFRA (California Family Rights Act) was signed into law on September 17, 2020 and became effective on January 1, 2021, about six months before Volusion and the Individual Defendants, acting together, violated Movants' rights under the CFRA and terminated them. It is particularly important for the California courts to be hearing and resolving issues under this new legislation, as well as under the evolving California Fair Employment and Housing Act (FEHA).

### 5. Whether the Debtor's Insurer has assumed Full Responsibility

This factor weighs in favor of modifying the discharge injunction to permit Movants to pursue the Debtor as a nominal defendant in the California Litigation. While there appears to be insurance, the estimated amount of that insurance ($2,000,000) is less that the amount of Movants' claims (see footnote 2 supra). Respecting the "fresh start" policy of the discharge injunction, if this Court grants Movants' motion to modify the discharge injunction, Movants will not seek to

---

[3] To say this factor heavily weighs in favor or modifying the discharge injunction to permit Movants to pursue the Debtor as a defendant in the California Litigation is an understatement, in light of the fact that (as shown above), this Court lacks jurisdiction to adjudicate Movants' statutory tort (discrimination) claims under California law.

recover assets of the Debtor, despite the fact that they filed timely Proofs of Claim and despite the fact that Volusion has a hundred cent plan. Modification of the discharge injunction will not cause this Court additional work. Modification will simply add fairness to the process by permitting Movants to litigate their claims against the Individual Defendants in hopes of obtaining full relief and against Debtor for purposes of recovering insurance proceeds.

### 6.     Whether Action Primarily Involves Third Parties

This factor also favors modification of the discharge injunction to permit Movants to pursue the Debtor as a nominal defendant in the California Litigation. The California Litigation is currently against four individual defendants – three Members of Volusion's Board of Managers and Volusion's Chief Restructuring Officer ("CRO"). The California Litigation will necessarily involve the acts of Volusion (the Debtor) through these agents. Modification of the discharge injunction will not cause "more trouble" for Volusion – Debtor will already have a starring role in the California Litigation. Debtor cannot reasonably argue that this Court's order of August 27, 2020 (Doc. 81) (after the termination of Movants by Volusion the morning of July 27, 2020 and before Debtor filed its petition later on July 27, 2020) somehow makes Movants claims against the Individual Defendants matters that are part of this bankruptcy proceeding. This bootstrap argument would go against law that prevents this Court from acting on Movants' claims against third parties. This bootstrap argument ignores that the Individual Defendants engaged in their allegedly discriminatory and wrongful conduct before Volusion filed for bankruptcy. And this bootstrap argument would overlook the fact that one of the individual defendants, Tim Stallkamp, was not the subject of the Court's August 27, 2020 order appointing independent managers.

### 7. Whether Litigation in Another Forum Would Prejudice Other Creditors

This factor also favors modification of the discharge injunction to permit Movants to pursue the Debtor as a defendant in the California Litigation. Litigation against Volusion in another forum (the California Litigation) will have no prejudice to Volusion's other creditors. Success by Movants will not affect other creditors because Movants seek only insurance proceeds with respect to the wrongful acts of Debtor. Moveover, even if Movants sought to recover against Debtor's assets (which they do not), the Plan already provides that all allowed claims will be paid in full. The impact on other creditors is the same whether Movants liquidate their claims (favorably or unfavorably to Movants) in the California Litigation or in an adversary proceeding before this Court.

### 10. The Interests of Judicial Economy, Expeditious and Economical Resolution

This factor heavily favors modification of the discharge injunction to permit Movants to pursue the Debtor as a nominal defendant in the California Litigation. The California Litigation will proceed, regardless of the Court's ruling on this motion. And Volusion will necessarily be involved in the California Litigation, regardless of the Court's ruling on this motion. Volusion is inextricably involved in the facts linking the Individual Defendants to Movants' claims. Individual Defendant Rosenthal offices in Los Angeles County, California. Movants live in Los Angeles County, California. Volusion and the Individual Defendants, have significant ties to Los Angeles County, California. Travel to Los Angeles County, California (where Zoom hearings are not involved) is not an obstacle to counsel or the parties. Volusion recruited both Claimants from California. If not granted, Volusion could be subject to duplicative appearances on the claims litigation in front of this Court and as an active participant as a witness subject to subpoena for testimony and documents.

### 11. Whether the Parties are Ready for Trial in the Other Proceeding

This factor is essentially neutral with respect to modification of the discharge injunction to permit Movants to pursue the Debtor as a nominal defendant in the California Litigation. Movants' terminations were on July 27, 2020, the same day that Debtor filed for bankruptcy in this Court. Movants have filed their proofs of claim in this proceeding, but the Debtor has not yet responded to allow the claims or to object to them. No adversary proceeding, which would include substantial discovery, has begun in this Court. Meanwhile, Movants filed the California Litigation this month – on March 19, 2021. Defendants in the California Litigation have accepted service. Movants expect to litigate their claims, against **all** defendants (if this motion is granted) in the California Litigation at least as fast as they could piecemeal two trials – one in California and another in this Court in Texas.

### 12. Impact of the Stay and the Balance of Harms

This factor heavily favors modification of the discharge injunction to permit Movants to pursue the Debtor as a nominal defendant in the California Litigation. Having two separate courts decide the same issues of law and fact can lead to inconsistent rulings. California state court should decide these issues under California state law. Apportionment issues between the individual defendants and Volusion are best handled in one proceeding. They should be decided by one jury at one time. Not allowing Volusion to be included as a defendant in the California Litigation will certainly prejudice Movants. This will open the door to the "empty chair" defense. On top of all of this, all of these issues are an enormous waste of judicial resources as not only will two courts be deciding the same issues, but entirely two separate appellate courts — one state and one 5th Circuit (not even within the same circuit as the California state court) — will have to decide appeals. On the other side, there is no harm to any process or to Volusion for the court to grant

relief Movants request In fact Volusion will benefit by granting this relief because the claims will only be paid from insurance eliminating the need for Volusion to pay the claims from the bankruptcy estate and Volusion will not have to spend time and energy objecting to Movants' claims. These issues will be litigated, liability and apportionment decided. If Movants prevail some of the damages awarded will be paid by Individual Defendants and some by insurance proceeds.

## CONCLUSION AND PRAYER

For all these reasons, Movants requests relief from the discharge injunction to allow them to continue the California Litigation, including the Debtor as a nominal defendant to pursue individa

WHEREFORE, PREMISES CONSIDERED, Movants Bardia Dejban and Bahar Dejban respectfully request that this Court order modification from the discharge injunction set forth in the Plan to allow to allow Movants to include the Debtor as a nominal defendant in the California Litigation with respect to insurance proceeds, and for such other and further relief as they may show themselves justly entitled.

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 4001(a)(1), the undersigned hereby certifies that on behalf of Movants, he has conferred with opposing counsel and been unable to reach an agreement on the requested relief.

                                               Respectfully submitted,

                                               Hal K. Gillespie (SBN 07925500)
                                               Gillespie Sanford LLP
                                               4803 Gaston Ave
                                               Dallas, TX 75246
                                               Tel:    (214) 800-5111
                                               Fax:    (214) 838-0001

                                               Attorney for Plaintiffs Bardia Dejban
                                               and Bahar Dejban

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of March 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas, and via email to the affected parties on the attached list.

                                               /s/Hal K. Gillespie
                                               Hal K. Gillespie