IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

|  |  |
|---|---|
| In re:<br><br>VOLUSION, LLC[1]<br><br>          Reorganized Debtor. | )<br>)  Chapter 11<br>)<br>)  Case No. 20-50082 (DRJ)<br>)<br>)<br>) |

## REORGANIZED DEBTOR'S RESPONSE IN OPPOSITION TO MOTION FOR MODIFICATION OF DISCHARGE INJUNCTION

The above-captioned reorganized debtor (prior to the Effective Date, the "Debtor," and after the Effective Date, the "Reorganized Debtor") files this response in opposition (the "Response") to Bardia and Bahar Dejban's (the "Claimants" or the "Dejbans") *Motion for Modification of Discharge Injunction* [Docket No. 177] (the "Motion").

## SUMMARY OF RESPONSE

The Claimants do not hold valid claims against the Reorganized Debtor and the Claimants have violated the injunction and exculpation provisions of the Confirmation Order and the Plan by prosecuting a lawsuit in California against the Debtor's independent managers and CRO, all as more fully set forth in the Reorganized Debtor's Motion to Enforce Confirmation Order at Docket No. 183 (the "Motion to Enforce"), which is incorporated herein by reference.

The Motion is the Claimants' latest attempt to evade the Confirmation Order and the Plan and should be summarily denied.

---

[1] The Reorganized Debtor in this chapter 11 case, along with the last four digits of the Reorganized Debtor's federal tax identification number, is: Volusion, LLC (9037). The Reorganized Debtor's service address is 1835A Kramer Lane, Suite 100, Austin, TX 78758.

**SPECIFIC RESPONSE**

1. The Reorganized Debtor admits that this Court has jurisdiction over the Motion. The Reorganized Debtor denies all other allegations in paragraph 1.

2. The Reorganized Debtor admits the allegations in paragraph 2.

3. The Reorganized Debtor admits the allegations in paragraph 3.

4. The Reorganized Debtor admits the allegations in paragraph 4.

5. The Reorganized Debtor denies the allegations in paragraph 5. Article VIII of the Plan sets out the claims objection process.

6. The Reorganized Debtor admits the allegations in paragraph 6.

7. The Reorganized Debtor denies the allegations in paragraph 7. The Bar Date was set by the *Notice of Chapter 11 Bankruptcy Case*, filed at Docket No. 39.

8. The Reorganized Debtor denies the allegations in paragraph 8. On November 30, 2020, Bahar Dejban filed claim nos. 16, 21, and 22, each in the amount of $9,250,000, and Bardia Dejban filed claim nos. 15, 20, and 23, each in the amount of $11,875,000 (collectively, the "Dejban Claims").

9. The Reorganized Debtor denies the allegations in paragraph 9. On February 26, 2021, at Docket Nos. 169 and 170, the Reorganized Debtor filed its Objection to the Dejban Claims.[2]

10. The Reorganized Debtor denies the allegations in paragraph 10. In violation of the Reorganized Debtor's Plan, the Claimants, on March 18, 2021, after the Effective Date and after the Debtor filed its Dejban Claim Objections, the Claimants filed their lawsuit in California, which is pending as *Bardia Dejban and Bahar Dejban vs. Jeremy Rosenthal, Curt Lindeman, Troy Pike,*

---

[2] The Reorganized Debtor filed an amended objection at Docket No. 178, which objects to all of the Dejban Claims (Docket Nos. 169, 170, and 178, the "Dejban Claim Objections").

2

*Tim Stallkamp*, Case No. 21SMCV00517, in the Superior Court in the State of California for the County of Los Angeles (the "California Lawsuit") against the following defendants:

- Tim Stallkamp (the Debtor's CRO)
- Jeremy Rosenthal (the Debtor's Independent Manager)
- Troy Pike (the Debtor's Independent Manager and Interim CEO)
- Curt Lindeman (the Debtor's Independent Manager)

(collectively, the "Defendants").

11. The Reorganized Debtor denies the allegations in paragraph 11. Mr. Dejban was terminated, among other reasons, for being an ineffective CEO, making decisions in his or his family's best interest, not the Debtor's best interest, including hiring his sister through engaging DK Strategic Solutions, LLC ("DK")[3] and paying her (and her disbarred husband) almost $900,000 in just under a year, using company assets to engage a number of law firms to advance his own interests and oppose the duly appointed board and its governance, and for refusing to pay the Debtor's secured lender despite board directions to do so. Moreover, after the board was reconstituted, and the Independent Directors were appointed, Mr. Dejban worked to subvert the board and the company by, among other things, directing certain senior executives to not provide requested information to the board and refusing to fund the Debtor's obligations under the initial forbearance agreement with Main Street. Ms. Dejban's engagement was severed, among other reasons, because as a mass torts and personal injury lawyer, she was not qualified to render general counsel services to an e-commerce company like the Debtor, overcharged the Debtor for the services, and her services were found wanting; she and her consulting company were an unnecessary burden and excessive expense on the Debtor.

---

[3] DK is an entity owned by Ms. Dejban and her husband, a disbarred California lawyer.

3

12. The Motion does not have a paragraph 12.

13. The Reorganized Debtor admits it is not a named defendant in the California Lawsuit. The Reorganized Debtor denies all other allegations in paragraph 13. Staying prosecution of the Dejban Claims Objections is wholly inappropriate and is antithetical to the bankruptcy claim process. It would also significantly delay the final administration of the Reorganized Debtor's Plan. It also ignores the fact that the Debtor has indemnification obligations to the Defendants.

14. The Motion's paragraph numbering ends at 13. Section III of the Motion is the Claimants' arguments. The Reorganized Debtor summarizes the arguments and responds to each below.

## REORGANIZED DEBTOR'S RESPONSE TO CLAIMANTS' ARGUMENTS

15. <u>Claimants' Argument</u>: The Court should modify the discharge injunction to allow Claimants to prosecute the Dejban Claims against the Debtor's insurance.

   a. <u>Response</u>: Prior the filing of the Motion, the Reorganized Debtor had already objected to the Dejban Claims. Moreover, the claims that the movants assert in the California Lawsuit are the same in substance as the Dejban Claims no matter the character. The Reorganized Debtor will prosecute the Dejban Claim Objections in this Court, which has exclusive jurisdiction over them. The Plan provides for payment in full only of *valid* and allowed general unsecured claims. The Dejban Claims are not valid claims and given the Dejban Claim Objections, are not allowed, regardless of whether the Claimants proceed against the Reorganized Debtor or any insurance proceeds.

16. <u>Claimants' Argument</u>: The Court should reopen the bankruptcy case.

   a. <u>Response</u>: The bankruptcy case is not closed.

17. <u>Claimants' Argument</u>: The Court should modify the discharge injunction because the Court lacks jurisdiction over the Dejban Claims.

    a. <u>Response</u>: The Supreme Court has made it abundantly clear that filing claims against a bankruptcy estate subjects a claimant to the jurisdiction of the bankruptcy court and waives any jury trial rights. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 58–59 (1989). The Dejbans thus submitted themselves to the jurisdiction of this Court through filing the Claims.

18. <u>Claimants' Argument</u>: The cause standard for relief from stay under section 362(d) supports the relief that Movants seek.

    a. <u>Response</u>: The standard for cause for relief from stay under section 362(d) has zero bearing on whether the discharge and injunction provisions approved by this Court months ago should be modified. There is no basis in law or fact to modify the discharge injunction. The California Lawsuit interferes with the bankruptcy case and the implementation of the Plan. Indeed, the Motion itself is an interference that the Reorganized Debtor should not have to address given the Court's entry of the Confirmation Order months ago. The Dejban Claims are among the highest claim amounts filed in the case. The Debjans waived any jury trial rights and submitted themselves to this Court by filing the Claims. It is of no moment that the claims they now assert in the California Lawsuit purportedly arise under California state law.

19. <u>Claimants' Argument</u>: Adding the Reorganized Debtor to the California Lawsuit will not prejudice the Reorganized Debtor because the Claimants have already brought suit against the Debtor's CRO[4] and Independent Managers.[5]

---

[4] Tim Stallkamp was approved as the Debtor's CRO by this Court's Order at Docket No. 95.

[5] By its Order at Docket No. 81, the Court approved the appointment of Troy Pike, Jeremy Rosenthal, and Curt Lindeman as the Debtor's Independent Managers.

a. <u>Response</u>: First, as set forth in the *Motion to Enforce*, the Claimants have already violated the Plan's injunction and exculpation provisions by naming the CRO and the Independent Managers as defendants in the California Lawsuit. The argument that adding the Reorganized Debtor will "not cause more trouble" because the Reorganized Debtor already has "a starring role in the California [Lawsuit]" is nonsensical and highlights their attempt to circumvent the Plan's discharge, injunction and exculpation provisions. The Reorganized Debtor is focused on implementing its Plan, which contemplates a sale of substantially all of the Reorganized Debtor's assets. The California Lawsuit absolutely prejudice that process and is hindering final administration of the Reorganized Debtor's estate, which will delay payment to claimants with valid claims, all as more fully set forth in the *Motion to Enforce*. In addition, the mere filing of the California Lawsuit violated the discharge, injunction, and exculpation provisions of the Plan approved by the Confirmation Order.

20. The Reorganized Debtor needs to dispose of the Dejban Claims as quickly as possible in order to fully implement and substantially consummate the Plan and pay allowed claims consistent with the Plan. To effectuate that process, the Reorganized Debtor objected to the Dejban Claims and filed its *Motion to Enforce* to enforce its Plan and dismiss the California Lawsuit. As set out in the Dejban Claim Objections and in the *Motion to Enforce*:

- The Claimants are enjoined by the Confirmation Order from pursuing the California Lawsuit against the CRO and the Independent Managers as they are Released and Exculpated Parties under the Plan.

- The Independent Directors voted, in exercise of their duties as board members, to terminate the Dejbans and the Debtor then terminated the Dejbans' employment and independent contractor status as part of the filing of the Debtor's chapter 11 case and in contemplation of the Debtor's restructuring because among other things, Mr. Dejban breached his fiduciary duties and lacked the competency and capabilities to continue serving as CEO, particularly for a debtor in possession with fiduciary duties to creditors, and Ms. Dejban and her consulting firm (owned with her disbarred husband) lacked the competency

and capabilities to provide "general counsel" legal services to the Debtor, for which the Debtor was being significantly overcharged.

- The Independent Directors concluded, in the exercise of their business judgment, that it was not in the interests of the Debtor to continue to employ and/or work with either of the Dejbans.

- Not only was the Dejbans' performance found deeply wanting, it appears that they conspired to take numerous actions for their own benefit at the direct expense of the Debtor, worsening its already declining financial condition to the detriment of all stakeholders.

21. The Claimants' Motion is yet another attempt to circumvent the Confirmation Order and the Plan. The Claimants had notice of the Debtor's confirmation—they did not object. The Plan was confirmed and the Claimants are now enjoined from pursuing the California Lawsuit. The Reorganized Debtor will prosecute the Dejban Claim Objections as part of the claims objection process and any attempt by the Claimants to delay or subvert the claims objection process set forth in the confirmed Plan should be disallowed.

## CONCLUSION

22. The Reorganized Debtor requests that the Court deny the Claimants' Motion and grant the Reorganized Debtor any further relief to which it may be entitled.

April 19, 2021

/s/ *Jennifer F. Wertz*
Matthew D. Cavenaugh (State Bar No. 24062656)
Jennifer F. Wertz (State Bar No. 24072822)
**JACKSON WALKER LLP**
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4221
Email: mcavenaugh@jw.com
Email: jwertz@jw.com

**COUNSEL FOR THE REORGANIZED DEBTOR**

## **CERTIFICATE OF SERVICE**

  I certify that on April 19, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas, and via electronic mail upon the following:

Hal Keith Gillespie
Attorney for Bahar Dejban and Bardia Dejban
4803 Gaston Avenue
Dallas, TX 75246
Email: hkg@gillespiesanford.com

              /s/ *Jennifer F. Wertz*
              Jennifer F. Wertz