**Hal K. Gillespie**
**State Bar No. 07925500**
**GILLESPIE SANFORD LLP**
**4803 Gaston Avenue**
**Dallas, Texas 75246**
**Telephone: (214) 800-5111**
**Facsimile: (214) 838-0001**
**ATTORNEYS FOR BARDIA DEJBAN AND BAHAR DEJBAN**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **VOUSION, LLC,** | § | **Chapter 11** |
| | § | |
| | § | **Case No. 20-50082 (DRJ)** |
| **Debtor.** | § | |

**CLAIMANTS' MOTION FOR LEAVE TO AMEND PROOF OF CLAIM OF BAHAR**
**DEJBAN AND PROOF OF CLAIM OF BARDIA DEJBAN AND BRIEF IN SUPPORT**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Bardia Dejban (hereinafter "Mr. Dejban") and Bahar Dejban (hereinafter "Ms. Dejban") (jointly referred to herein as "Claimants"), move the Court for leave to file amended proofs of claim to assert that their legal claims against Reorganized Debtor, Volusion, LLC (hereinafter "Debtor") are akin to those alleged against Jeremy Rosenthal, Curt Lindeman, Troy Pike, and Timothy Stallkamp (referred to as "Individual Defendants" or "New Leaders"), in the California Lawsuit,[1] not those in the draft EEOC charges attached to Proofs of Claim of Claimants.[2] Claimants would show the Court as follows:

---

[1] The Complaint that Claimants filed in the California Lawsuit is attached as Exhibit D to Debtor's Motion to Enforce Confirmation Order (Doc. 183) at Doc. 183-4, pp. 2 – 27, incorporated herein by reference.

[2] See Claim 15-1, pp. 4 – 23 (Draft EEOC charge of Mr. Dejban) and Claim 16-1, pp. 4 – 25 (Draft EEOC charge of Ms. Dejban).

## I. INTRODUCTION

Claimants seek leave to amend their Claims 15-1 and 16-1.  Claimants  establish below that justice requires leave be granted based on all the applicable factors.

## II. BACKROUND[3]

Claimants timely filed their proofs of claim in this proceeding.[4]  When they filed their proofs of claim on November 30, 2020, Claimants having not been required by law to file either their administrative charges concerning statutory torts or lawsuits based on those charges, having not done so, and careful about the Discharge Injunction entered by the Court on November 20, 2020, filed proofs of claim with drafts of unfiled EEOC charges that set forth facts upon which their claims were based.[5]

Once Claimants became belatedly aware of Debtor's objections filed on February 26, 2021, but not served on Claimants until the evening of March 29, 2021 and April 4, 2021, Claimants' counsel reviewed Debtor's objections, determined that (a) the Debtor's objections were facially invalid, but (b) that amended proofs of claim would be appropriate to insure that the parties and the Court properly considered Claimants' California statutory torts, and promptly sought to confer and did confer with counsel for Debtors about several issues, including a scheduling order and an agreed date for amending Claimants proofs of claim.[6] Debtor's have falsely represented to the Court, "The bases of the Dejbans' claims in the California Lawsuit are **identical** to those they allege in their Bankruptcy Claims that are the subject of the Claim Objections."[7]  The originally

---

[3] Claimants incorporate by reference the facts in the attached Declaration of Hal K. Gillespie dated April 27, 2021, **Exhibit C** hereto.

[4] Gillespie Decl., Exhibit C, p. 4, ¶ 14.

[5] *Id*., p. 5, ¶16.

[6]  *Id*., pp. 6 – 10, ¶¶ 21-25.

[7] Dkt. No. 183, p. 6 of 14, ¶18 (emphasis added).

CLAIMANTS' MOTION FOR LEAVE TO AMEND PROOF OF CLAIM BAHAR DEJBAN                    2
 AND PROOF OF CLAIM OF BARDIA DEJBAN AND BRIEF IN SUPPORT

filed proofs of claim (filed on November 30 2020) made no reference to the various California statutory torts that are invoked by Claimants' administrative charges filed in California,[8] or the statutory torts that are specifically included against Volusion's New Leaders in the California Complaint.[9]   The appropriateness of amending Claimants' proofs of claim became clear as Claimants' counsel reviewed Debtor's objections to the originally filed Proofs of Claim (Claim 15-1 and Claim 16-1) and sorted through a series of Debtor's arguments about legal claims under federal or Texas law that are not, in fact, part of Claimants claims against Debtor.[10]

This case is presently at a crossroads.   If the Court grants Claimants' Motion for Modification of Discharge Injunction (Dkt. No. 177), filed March 30, 2021, Claimants will not proceed against Debtor's estate – the only proceedings will be in the California Lawsuit against Debtor, limited to insurance proceeds, and against the New Leaders.   Otherwise, Debtor, bereft of any valid objections to Claims 15-1 and 16-1,[11] will face discovery and ultimately a merits hearing in Claimants' efforts to collect against the estate for Claimants' California statutory tort claims,[12] where Claimants will seek full relief of $11,875,000 (Claim 15-1, as amended) and $9,250,000 (Claim 16-1, as amended).

### III.  APPLICABLE LAW

Rule 15(a)(2), Fed. R. Civ. P., applicable to this proceeding under Bankruptcy Rule 7015, provides that the Court should freely grant leave to amend where justice so requires.   Motions for leave to amend (following the one amendment permitted as a matter of course under Rule 15(a)(1))

---

[8] See **Exhibit A**, Attachment A and **Exhibit B**, Attachment A.

[9] See **Exhibit A**, Attachment B and **Exhibit B**, Attachment B.

[10]  Gillespie Decl., Exhibit C, p. 7, ¶ 22.

[11]  *Id*., p. 11, ¶¶ 29-30.

[12] Claimants continue  to assert and do not waive their objection that this Court lacks jurisdiction to adjudicate Claimants' statutory tort claims.  See Dkt. No. 177, pp. 7-8.

CLAIMANTS' MOTION FOR LEAVE TO AMEND PROOF OF CLAIM BAHAR DEJBAN                    3
 AND PROOF OF CLAIM OF BARDIA DEJBAN AND BRIEF IN SUPPORT

require opposing party's consent (not present here) or leave of court.  Rule 15(a)(2), Fed. R. Civ.

Proc.  As noted by the Fifth Circuit, "Federal Rule of Civil Procedure 15(a) requires the trial court

to grant leave to amend 'freely' and the language of this rule 'evinces a bias in favor of granting

leave to amend.'" *Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002) (*citing*

Rule 15(a)(2)(citing cases).

In *Jamieson v. Shaw*, 772 F.2d 1205 (5th Cir. 1985), the Fifth Circuit found an abuse of

discretion where the trial court denied plaintiff's motion for leave to file a second amended

complaint, holding that "if the district court lacks a 'substantial reason' to deny leave, its discretion

'is not broad enough to permit denial.'"  *Id.* at 1208, *citing Conley v. Gibson*, 355 U.S. 41, 48

(1957).  The Court in *Jamieson* went on to describe the uphill battle facing a party that seeks to

oppose a motion for leave to amend:

> Even if substantial reason to deny leave exists, the court should consider prejudice
> to the movant, as well as judicial economy, in determining whether justice requires
> granting leave. *Id.* When futility is advanced as the reason for denying an
> amendment to a complaint, the court is usually denying leave because the theory
> presented in the amendment lacks legal foundation or because the theory has been
> adequately presented in a prior version of the complaint.

*Id., citing Pan-Islamic Trade Corp. v. Exxon*, 632 F.2d 539, 546 (5th Cir. 1980).  Where a proposed

amendment merely states an alternative theory of recovery and there is no showing of

> undue delay, bad faith or dilatory motive on the part of the movant, repeated failure
> to cure deficiencies by amendments previously allowed, undue prejudice to the
> opposing party by virtue of allowance of the amendment, futility of amendment,
> etc. – the leave should, as the rules require, be 'freely' given.' Of course, the grant
> or denial of an opportunity to amend is within the discretion of the District Court,
> but outright refusal to grant the leave without any justifying reason appearing for
> the denial is not an exercise of discretion; it is merely abuse of that discretion and
> inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  Long ago, the Supreme Court rejected Debtor's

approach, holding, "It is too late in the day and entirely contrary to the spirit of the Federal Rules

of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities.

Id. at 181.  The Supreme Court's teachings apply here:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Id.* at 182.

## IV.     THE RELEVANT FACTORS FAVOR GRANTING THIS MOTION

As shown by the  detailed declaration of Hal Gillespie (a proper declaration under 28 U.S.C. § 1746), there  has been no undue delay (in fact there has been prompt action) in seeking leave to amend.  There is no bad faith or dilatory motive on the part of Claimants in seeking leave to amend their claims.  There has been no repeated failure to cure deficiencies – indeed, Debtor has not asserted that the original Proofs of Claim were deficient.  Debtor's argument against amendment is that we are past the amendment date and there is not a good basis for amendment.[13] As shown by the Gillespie declaration (**Exhibit C**), the first argument is bogus, but perhaps suggests, incorrectly, that Claimants have been dilatory.

Debtor's second argument against amendment is also unfounded.  There is a very good basis for amendment.  The need to amend is the innocent and natural result of acts of the Debtor – first the acts of firing Claimants when they did and next the act of filing this bankruptcy proceeding the same day and then obtaining a bar date for claims.  Debtor fired Mr. Dejban and Ms. Dejban

---

[13]  Gillespie Decl., Exhibit C, p. 13, ¶ 35.

CLAIMANTS' MOTION FOR LEAVE TO AMEND PROOF OF CLAIM BAHAR DEJBAN                    5
 AND PROOF OF CLAIM OF BARDIA DEJBAN AND BRIEF IN SUPPORT

just before it filed for bankruptcy.  By law Claimants had time – from 180 days to a year – depending on which statutes they would invoke, to file administrative charges to pursue their statutory tort claims, and even longer to file their lawsuit.  But the Bar Date came fast, and Claimants had to and did file their claims by that November 30, 2020 date.  Debtor's objections, although defective on their face, make it clear that the non-identical California statutory claims should be before the Court (via amended proofs of claim) if Debtor inexplicably will not agree to (and if the Court does not grant) Claimants' motion to modify the discharge injunction so that Claimants can seek only Debtor's insurance money (and assets of the New Leaders) in the California Lawsuit.

WHEREFORE, PREMISES CONSIDERED, Movants Bardia Dejban and Bahar Dejban respectfully request that this Court grant leave to Claimants to file Amended Proofs of Claim attached hereto as **Exhibit A** (Amended Proof of Claim of Bardia Dejban dated April 27, 2021) and **Exhibit B** (Amended Proof of Claim of Bahar Dejban dated April 27, 2021) and further relief as they may show themselves justly entitled.

April 27, 2021

Respectfully submitted,

Hal K. Gillespie (SBN 07925500)
Gillespie Sanford LLP
4803 Gaston Ave
Dallas, TX 75246
Tel:    (214) 800-5111
Fax:    (214) 838-0001

Attorney for Plaintiffs Bardia Dejban
and Bahar Dejban

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 4001(a)(1), the undersigned hereby certifies that on behalf of Movants, he has conferred with opposing counsel and been unable to reach an agreement on the requested relief.

Respectfully submitted,

Hal K. Gillespie (SBN 07925500)
Gillespie Sanford LLP
4803 Gaston Ave
Dallas, TX 75246
Tel:    (214) 800-5111
Fax:    (214) 838-0001

Attorney for Plaintiffs Bardia Dejban
and Bahar Dejban

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of April 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas, and via electronic mail upon the following:

Jennifer F. Wertz
jwertz@jw.com

  /s/Hal K. Gillespie
       Hal K. Gillespie