IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| In re: § | |
| § | |
| VOUSION, LLC, § | Chapter 11 |
| § | |
| § | Case No. 20-50082 (DRJ) |
| § | |
| Debtor. § | |

**CLAIMANTS' RESPONSE IN OPPOSITION TO OBJECTION BY REORGANIZED DEBTOR TO PROOFS OF CLAIM NOS. 15, 20 AND 23 FILED BY BARDIA DEJBAN**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Bardia Dejban ("Mr. Dejban") and Bahar Dejban ("Ms. Dejban") (jointly "Claimants"), file this Response in Opposition to Objections by Reorganized Debtor to Proofs of Claim Nos. 15, 20 and 23 Filed by Bardia Dejban.[1] Claimants would show the Court as follows:

## I.  BACKGROUND

1. On July 27, 2020 (the "Petition Date"), Volusion, LLC ("Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.

2. On November 19, 2020, the Debtor filed its Plan of Reorganization (the "Plan") [Dkt. No. 121]. On November 20, 2020, the Debtor confirmed its Plan [Dkt. No. 128].

3. Article VII, Paragraph A of the Plan sets out the objection process.

4. Article I, Paragraph A (17) of the Plan set the Bar Date as November 30, 2020.

5. On November 30, 2020, Claimants timely filed their Proofs of Claim (Claims 15 and 16).

---

[1] To avoid confusion, the Proof of Claim of Mr. Dejban will be referred to herein as Claim 15. Claims 20 and 23 are duplicative; Claimant Bardia Dejban filed these claims to ensure that his claim was filed on November 30, 2020 – the Bar Date - as he was experiencing difficulty with e-filing (and received very helpful assistance from Court personnel).

RESPONSE IN OPPOSITION TO DEBTOR'S OBJECTION TO CLAIM OF BARDIA
DEJBAN                                    Page 1

6. On February 26, 2020, Debtor filed Objections to the claim of Ms. Dejban (Dkt. No. 169) and Mr. Dejban (Dkt. No. 170). Debtor served these objections on Claimants on March 29, 2020, and then filed an amended objection to the claim of Ms. Dejban on April 4, 2021 (Dkt. No. 178).

7. On March 19, 2020, Claimants filed a lawsuit styled <u>Bardia Dejban and Bahar Dejban</u> in the Superior Court in the State of California for the County of Los Angeles against the Individual Defendants which has been assigned Case No. 21SMCV00517 (the "California Litigation"). The California Litigation seeks a jury trial.

8. On March 30, 2020 Claimants filed a "Motion for Modification of Discharge Injunction" (Dkt. No. 177), set for hearing in this Court for May 5, 2021.

9. On April 14, 2021, Debtor filed a motion to enforce the confirmation order (Dkt. No. 183), set for hearing on May 5, 2021.

10. On April 27, 2021, Claimants Bardia and Bahar Dejban filed a motion for leave to amend their claims (Dkt. No. 193). This motion is not yet set for a hearing.

II.  **STATEMENT OF FACTS**[2]

**A. Claimants' Employment with Volusion**

Bardia Dejban began employment at Volusion as Chief of Staff in February 2016. Declaration of Bardia Dejban, **Exhibit A**, ¶ 2. During his employment at Volusion, Mr. Dejban

---

[2] Debtor's objection to the claim of Mr. Dejban contains a section called "Factual Background." Dkt. 170, pp. 4-8. Claimants object to this portion of Debtor's pleading, as well as to all portions of the argument within Debtor's pleading, labeled "Objection) at Dkt. No. 170, pp. 8-22 that make reference to Debtor's version of the facts. Debtor attached a "declaration" signed by Timothy Stallkamp, but, as discussed in more detail below, this document is not a declaration within the meaning of 28 U.S.C. § 1746. Claimants ask that the Court disregard the "Factual Background" and all parts of the "Objection" that make reference to Debtor's unsworn version of the facts. Claimants attach and incorporate by reference the proper declarations of Mr. Dejban (**Exhibit A**) hereto and Ms. Dejban (**Exhibit B** hereto).

was promoted to Chief Technology Officer in September 2016, Chief Operating Officer (COO) in November 2018 and Chief Executive Officer in August 2019. All of those promotions involved approval by the Board of Managers, which at the time included Kevin Sproles (the founder and then the CEO) and Main Street by and through its CEO, Dwayne Hyzak. *Id*.

Bahar Dejban began employment at Volusion as General Counsel in March 2019. Declaration of Bahar Dejban, **Exhibit B**, p. 1, ¶ 3. Volusion hired Ms. Dejban as an employee (not an independent contractor, despite the independent contractor label). *Id.* Also, Ms. Dejban was not hired under the "watch" of Bardia Dejban. Mr. Dejban was COO when Volusion hired her. Ms. Dejban was hired under the "watch" of Kevin Sproles, the founder, board member, majority shareholder, and then CEO of Volusion. *Id*.

### B. Events Leading Up to Terminations of Bardia and Bahar Dejban

On or about June 9, 2020, Jeremy Rosenthal, Curt Lindeman, Troy Pike became the new members of Volusion's board of directors and Tim Stallkamp was engaged by Volusion's Board (consisting of Rosenthal, Lindeman and Pike) to be the Chief Restructing Officer ("CRO") of Volusion.[3] Claimants refer to these four, Rosenthal, Lindeman, Pike and Stallkamp as the New Leaders of Volusion. As of the takeover of Volusion by the New Leaders, on or about June 9, 2020, of Volusion's 170 employees, only two, Bardia Dejban and Mr. Dejban's twin sister, Bahar Dejban, were of Iranian descent. Shawn Khorrami, Mr. Dejban's brother-in-law, who Kevin Sproles had brought on with Volusion as a consultant, was also of Iranian descent.[4] Bardia and Bahar Dejban, at the time of their termination in July 2020, were similarly situated with other top

---

[3] Bardia Dejban Declaration, Exhibit A, p. 2, ¶4.

[4] *Id*., p. 3, ¶5.

RESPONSE IN OPPOSITION TO DEBTOR'S OBJECTION TO CLAIM OF BARDIA
DEJBAN                                             Page 3

tier leadership of Volusion, including each other and Kevin Sproles, Randon Kelly, Brett McLaughlin, and Lance Wright.[5]

After the new Board of Managers and newly installed CRO Tim Stallkamp arrived at Volusion, these four Caucasian non-Iranian males implemented a discriminatory double standard, treating all the Volusion employees born in Iran badly and with disrespect, while treating non-Iranian employees of Volusion well and with respect.[6] New Leaders were demanding, unreasonable, condescending, abrupt, rude, and badgering toward Volusion's only Iranian born employees, Bahar and Bardia Dejban, while they treated the other Volusion leaders (non-Iranian born) well, politely and with deference.[7] The harassment and discrimination to which New Leaders Rosenthal, Lindeman, Pike and Stallkamp subjected Mr. and Ms. Dejban, followed their knowledge of the Iranian ancestry of Mr. and Ms. Dejban and as well as Mr. Dejban's need to have time off for the medical needs of his two young sons and Ms. Dejban's pregnancy where she was experiencing difficulty. The New Leaders included creating unnecessary obstacles, and deadlines untethered to any legitimate business purpose.[8] Under the double standard instituted and propagated by the New Leaders, the remaining employees at Volusion (all non-Iranian born) were permitted to put off requests from the New Leaders for days and weeks. They could say, "I won't have time to talk until next week" and the response by the New Leaders, time and again was "no problem." The demands by the New Leaders on Bahar Dejban and Bardia Dejban were abrupt, unreasonable and pretextual and the New Leaders coupled the requests with pressure and threats.[9]

---

[5] Bardia Dejban Declaration, Exhibit A, p. 3, ¶ 5; Bahar Dejban Declaration, Exhibit B, p. 3, ¶ 8.

[6] Bardia Dejban Declaration, Exhibit A, pp. 3, 7, 8, 13 - 16; ¶ 6, 18, 19, 23 -32; Bahar Dejban Declaration, Exhibit B, pp. 3 -7 ¶ 9 – 19.

[7] *Id.*

[8] *Id.*, pp. 3-4, ¶¶ 6 & 7.

[9] *Id*.

RESPONSE IN OPPOSITION TO DEBTOR'S OBJECTION TO CLAIM OF BARDIA DEJBAN                             Page 4

### C. Terminations of Bardia and Bahar Dejban

Debtor, by means of emails (with attachments) from Troy Pike (one of the New Leaders) terminated Bardia and Bahar Dejban on July 27, 2020, providing no reasons at the time.[10]

### D. Changing and Then False Reasons for the Termination of Bardia Dejban

Via answers to frequently asked questions about the bankruptcy on its website, Debtor first implied that the departure of Bardia Dejban and Kevin Sproles from Volusion was not the result of any misdeeds or inadequacies by them. Volusion stated that to get bankruptcy protection in place for Volusion,

> we made some difficult, but necessary and immediate leadership changes. **Effective July 27, Kevin Sproles and Bardia Dejban are no longer with the company**. We know this may have a personal impact on some of you with long-standing relationships, as well as to our tight-knit organization overall. **Kevin and Bardia have been important leaders at Volusion and we are tremendously thankful for their significant contributions.** While they are no longer formally a part of Volusion, the belief in the company, **the importance of the culture and the mission they inspired will remain.** Our goal is to honor what they helped to create by making sure the restructuring process is successful and Volusion can thrive going forward.

(Emphasis added.)[11]

After Debtor provided the world (via its website) this explanation for the departure of Bardia Dejban, it claimed in the pleading it filed on November 3, 2020 in Case 20-50028 – the Bankruptcy proceeding) that it was facing "disengaged and disobedient officers." Dkt. No. 103-1, p. 15, Art. III, ¶C(1). Then in its unsworn objection to Mr. Dejban's

---

[10] Bardia Dejban Declaration, Exhibit A, pp. 3, ¶ 41; Bahar Dejban Declaration, Exhibit B, p. 8, ¶ 22.

[11] Bardia Dejban Declaration, Exhibit A, pp. 21-22, ¶ 42(b)(iii).

RESPONSE IN OPPOSITION TO DEBTOR'S OBJECTION TO CLAIM OF BARDIA
DEJBAN                                    Page 5

claim, the Debtor came up with a laundry list of changed and false reasons for Mr. Dejban's termination.[12]

### E. Claims of Bardia Dejban

Claimants' Motion for Leave to Amend Proof of Claim of Bahar Dejban and Proof of Claim of Bardia Dejban and Brief in Support (Dkt. No. 193)("Claimants' Motion for Leave to Amend") (adopted by reference and incorporated herein) explains how and why Claimants' original proofs of claim could not include the administrative charges and the lawsuit ultimately filed with State of California, but attached a draft of unfiled EEOC charges. The claims against Debtor may (depending on the Court's ruling on Claimants' Motion to Modify Discharge Injunction (Dkt. No. 177) go forward in the California Lawsuit, seeking only insurance proceeds of the Debtor. If the Court denies Claimants' Motion to Modify, the Motion for Leave to Amend will be set for hearing and, if amendment is permitted, discovery will be extensive,[13] followed by an adversarial hearing by this Court of Claimants' claims against Debtor akin to the claims against the New Leaders in the California Lawsuit.

## III.   ARGUMENT AND AUTHORITIES

### A. Applicable Law

#### 1. The Bankruptcy Court Lacks Jurisdiction to Resolve Ms. Dejban's Statutory Tort Claims

Movants' claims against Volusion are statutory tort claims, discrimination claims under California law. They are personal injury tort claims over which this bankruptcy court, per federal law, lacks jurisdiction. *In re Pilgrim's Pride Corp.,* 2011 WL 379983528

---

[12] *Compare* Dkt. No. 170, pp. 9-10, ¶ 31 *with* Bardia Dejban Declaration, Exhibit A, pp. 2, 8 - 12; 13-15, 17 – 19, 20 - 26;  ¶¶ 3, 20, 21;  23-29; 35; 42.

[13] See footnote 15 below.

RESPONSE IN OPPOSITION TO DEBTOR'S OBJECTION TO CLAIM OF BARDIA DEJBAN                    Page 6

*14 – *15 (N.D. Tx. 2011)(citing 28 U.S.C. § 157(b)(2)(B)(5) and *Stranz v. Ice Cream Liquidation, Inc.*, 281 B.R. 154, 162-64 (Bankr. D. Conn. 2002).

Debtor argues it is "abundantly clear" per the Supreme Court that this Court has jurisdiction because Movants filed proofs of claim in this proceeding. Dkt. No. 187, p.5. Debtor cites *Grandfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 58-59 (1989). But jurisdiction is different – it is fundamental. *Grandfinanciera* addresses the waiver or a right to a jury trial by filing a claim in bankruptcy. *Grandfinanciera* does not stand for the proposition that by filing a proof of claim a claimant can alter or override a federal statute that expressly limits the **jurisdiction** of the bankruptcy court.

Debtor fails to address the statute (28 U.S.C. § 157(b)(2)(B)(5)) or the cases cited by Claimants (Dkt. No. 177, p.7). The *Stranz* case,[14] of course, expressly involved a discrimination claim filed by creditors – a discrimination claim. The court in *Stranz* did not ignore its jurisdictional limits, and it did not indulge in the ultimate Catch 22 reasoning of forcing a creditor with a statutory tort claim to either miss filing by the Bar Date in a bankruptcy proceeding and risk loss of the claim due to the discharge injunction or file a timely claim, but give up her right to proceed in a non-bankruptcy court (and here to the courts in California who are best suited to hear such claims).

It is axiomatic that Movants, mere citizens, cannot re-write federal law. Movants cannot by their own acts confer jurisdiction on this Court that Congress has denied. Beyond that, such an argument by Debtor would be inequitable. In order to protect their rights to pursue these claims and faced with the language (written by Debtor) in the Plan about the bar date, Movants filed timely proofs of claim. Equity should take into account the

---

[14] *Stranz v. Ice Cream Liquidation, Inc.,* 281 B.R. 154, 162-64 (Bankr. D. Conn. 2002).

RESPONSE IN OPPOSITION TO DEBTOR'S OBJECTION TO CLAIM OF BARDIA DEJBAN                                              Page 7

dilemma facing debtors: (a) If they did not file proofs of claim, Volusion would argue their claims were barred.  (b) If they filed proofs of claim, Volusion would argue (as they are now arguing) that the bankruptcy court has jurisdiction to adjudicate discrimination claims, but that the claims lack merit.[15]  The equitable course is to follow federal law and leave adjudication of Movants' discrimination claims under California law to the California courts in the California Litigation.

### 2. Requirements for Objection to Claim

Even if the bankruptcy court decides it has jurisdiction of this matter, Debtor's objection to Mr. Dejban's claim must then produce evidence rebutting the claimant or else the claimant will prevail.  The Fifth Circuit has explained how objections work in bankruptcy:

> Under Bankruptcy Rule 301(b), a party correctly filing a proof of claim is deemed to have established a prima facie case against the debtor's assets. *In re WHET, Inc.,* 33 B.R. 424, 437 (D.Mass.1983). The objecting party must then produce evidence rebutting the claimant or else the claimant will prevail. *Id.* at 437. If, however, evidence rebutting the claim is brought forth, then the claimant must produce additional evidence to "prove the validity of the claim by a preponderance of the evidence." The ultimate burden of proof always rests upon the claimant. *Id.*

*Fidelity Holding Company, Ltd. v. Official Unsecured Creditors Committee*, 837 F.2d 696, 698 (5th Cir. 1988).

### B.  Debtor's Objection (Doc. 178) is Fatally Defective

The starting point for Debtor's objection to Mr. Dejban's proof of claim is Local Rule 3007-1 (a).  This is **the way** Debtor (the objecting party) is able to "produce evidence rebutting

---

[15] Debtor is suggesting, if this case goes forward to an adversary proceeding, that the discovery deadline for such discovery should be June 30, 2021 – i.e. from the May 5 hearing date, a total of 56 days.  In a complex statutory tort case such as the one "owned" the Claimants, where discovery will consist of at least one round of written discovery, followed by depositions of at least ten persons, where discovery disputes are likely, ten months to one year for discovery is required for Claimants to have a fair chance at justice.

the claimant or else the claimant will prevail." *Fidelity Holding Co.*, 837 F.2d at 698. Obviously, therefore, if Volusion, no matter how strongly it dislikes a claim, sat back and failed to file an objection, or a proper objection, Claimant would prevail. Similarly, Debtor may not, with impunity, ignore and/or violate the Local Rules of this Court. Surely if Claimants had missed the Bar Date, Debtor would claim forfeiture. Debtor has forfeited its chance to object.

Local Rule 3007-1(a) specifies: "The objection **must** include an affidavit signed by a person with personal knowledge supporting the objection." (Emphasis added). The reason for this is plain. This is akin to Rule 56(c)(4), F.R.C.P., that requires motions for summary judgment to be supported by affidavits or declarations "made on personal knowledge" and that they "set out facts that would be admissible in evidence," and that they "show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. Proc., Rule 56(c)(4).

Here Debtor supplied something called a declaration, that of Timothy Stallkamp. While a declaration would suffice for an affidavit under Local Rule 3007-1, it must be a real declaration, which Mr. Stallkamp's was not. The federal statute permitting declarations, 28 U.S.C. § 1746 (mentioned by Mr. Stallkamp, but not adhered to), permits use of a declaration "in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form: . . . If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)".

    **C. In Addition to Its Fatal Defect, Debtor's Objection to Mr. Dejban's Claim Fails to Rebut the Claimant**

    **1.    Debtor's Objections Fail to State the Facts and Also Misstate the Facts**

Debtor's utter failure, faced with the burden to do so, to produce evidence rebutting the claimant (see *Fidelity Holding Co*., 837 F.2d at 698) easy to see. Perhaps the best example is the starting snippet from Debtor's unsworn "Factual Background" that makes the naked argument (not evidence) that Mr. Dejban's Claims "are sour grapes by an underperforming, uncooperative, insubordinate, and disloyal former Chief Executive Officer of the Debtor ("CEO"). Dkt. No. 170, p. 4, ¶ 11. While it may be satisfying, especially when faced with claims of wrongdoing, to say something like this about Mr. Dejban's claims, this unsworn "showing" is no showing at all; Debtor's approach utterly fails to "produce evidence rebutting the claimant." *Fidelity Holding Co*., 837 F.2d at 698.

### 2. Debtor's Legal Arguments Fail

Debtor's legal arguments are doomed by Debtor's failure to produce evidence rebutting the claimant. The argument (or "Objection") portion of Debtor's pleading (Dkt. No. 170, pp. 8-22) makes legal arguments tethered to no facts, and certainly not to the real facts that are before the Court with the proper declarations of Mr. Dejban (Exhibit A) and Ms. Dejban (Exhibit B). Detailed response to Debtor's arguments is largely unnecessary and /or workable because of Debtor's failure to argue from real facts, but some legal arguments may warrant brief response.

### a. Debtor is Wrong about Mr. Dejban's Prima Facie Case

Debtor predicts with confidence that "Mr. Dejban cannot establish a prima facie case of national origin discrimination."[16] Debtor ignores basic discrimination law: The "requisite degree of proof necessary to establish a prima facie case for Title VII . . . on summary judgment is *minimal* and does not even need to rise to the level of a preponderance of the evidence." *Aragaon v. Republic Silver State Disposal*, 292 F.3d 654, 659 (9th Cir. 2002)(emphasis in original). *See also*

---

[16] Dkt. No. 170, p. 11, ¶ 34.

RESPONSE IN OPPOSITION TO DEBTOR'S OBJECTION TO CLAIM OF BARDIA
DEJBAN                                    Page 10

*Reed v. Neopost USA, Inc.,* 701 F.3d 434, 439 (5th Cir. 2012). Debtor's discussion of similarly situated for purposes of the prima facie case fails, both on the facts and the law. *See Jackson v. VHS Detroit Receiving Hospital,* 814 F.3d 769, 777 (6th Cir. 2016). Mr. Dejban was similarly situated to several identified co-workers who survived decisions of the New Leaders.[17]

      **b.    Debtor Acts Like There is No Evidence of Pretext or That Pretext Does Not Matter**

Although Debtor admits that a Claimant can win his discrimination case without a confession – with circumstantial evidence,[18] Debtor's arguments simply ignore Claimants' abundant evidence of pretext, including changing reasons, post-decision additional reasons, false reasons, setting an employee up for termination, building a paper trail to justify termination, and failure to investigate. *See, e.g. Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 147 (2000); *Burton v. Freescale Semiconductor, Inc*, 798 F.3d 222, 236 (5th Cir. 2015); *Burrell v. Dr. Pepper/Seven Up Bottling Group,* Inc., 482 F.3d 408, 413 (5th Cir. 2007); *Laxton v. GAP, Inc.,* 333 F.3d 572, 581 (5th Cir. 2003); *Mastro v. Potomac Elec. Power Co*., 447 F.3d 843, 856 (D.C. Cir. 2006). Debtor can only assert its nothing but "sour grapes" argument by ignoring the evidence and a great body of discrimination law. This is a failure by Debtor to produce evidence to rebut the Claimant.

      WHEREFORE, PREMISES CONSIDERED, Movants Bardia Dejban and Bahar Dejban respectfully request that this Court deny Debtor's objection to the Claim of Bardia Dejban and for such other and further relief as they may show themselves justly entitled.

    Dated:  April 30, 2021

---

[17] Bardia Dejban Declaration, Exhibit A, p. 3, ¶5.
[18] Dkt. No. 170, pp. 10-11 ¶ 33.

RESPONSE IN OPPOSITION TO DEBTOR'S OBJECTION TO CLAIM OF BARDIA
DEJBAN                            Page 11

Respectfully submitted,

Hal K. Gillespie (SBN 07925500)
Gillespie Sanford LLP
4803 Gaston Ave
Dallas, TX 75246
Tel:   (214) 800-5111
Fax:   (214) 838-0001

Attorney for Plaintiffs Bardia Dejban
and Bahar Dejban

### CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of April 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas, and via electronic mail upon the following:

Jennifer F. Wertz
jwertz@jw.com

  /s/Hal K. Gillespie
Hal K. Gillespie