IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| VOUSION, LLC, | § | Chapter 11 |
| | § | |
| | § | Case No. 20-50082 (DRJ) |
| Debtor. | § | |

**CLAIMANTS' RULE 56(d) MOTION FOR EXTENSION
TO RESPOND TO REORGANIZED DEBTOR'S MOTION FOR SUMMARY
JUDGMENT WITH RESPECT TO PROOF OF CLAIM FILED BY BAHAR DEJBAN**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

**TO THE CHIEF UNITED STATES BANKRUPTCY JUDGE DAVID R. JONES:**

Bardia Dejban ("Mr. Dejban") and Bahar Dejban ("Ms. Dejban") (jointly "Claimants"), file this Rule 56(d) Motion for Extension to Respond to Reorganized Debtor's Motion for Summary Judgment with Respect to Proof of Claim Filed by Bahar Dejban (Doc. No. 276, filed August 6, 2021 (hereinafter "Volusion's MSJ Motion"). Claimants request that they be given until January 7, 2022, 21 days before the January 28, 2022, completion of the discovery period previously set by the Court's Order of July 6, 2021 (Dkt. 246) to file their response to Volusion's MSJ Motion. Claimants would show the Court as follows:

I.   BACKGROUND

1. On July 27, 2020 (the "Petition Date"), Volusion, LLC ("Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.

2. On November 19, 2020, the Debtor filed its Plan of Reorganization (the "Plan") [Dkt. No. 121]. On November 20, 2020, the Debtor confirmed its Plan [Dkt. No. 128].

3. On November 30, 2020, Claimants timely filed their Proofs of Claim (Claims 15 and 16).

4. On February 26, 2020, Debtor filed Objections to the claim of Ms. Dejban (Dkt. No. 169) and Mr. Dejban (Dkt. No. 170). Debtor served these objections on Claimants on March 29, 2020, and then filed an amended objection to the claim of Ms. Dejban on April 4, 2021 (Dkt. No. 178).

5. On April 27, 2021, Claimants Bardia and Bahar Dejban filed a motion for leave to amend their claims (Dkt. No. 193). The Court granted leave on July 6, 2021 (Dkt. No. 246). Per the Court's Order, Exhibit A to the Motion to Amend (the Bardia Dejban Claim)(Dkt. 193-1) and Exhibit B to the Motion to Amend (the Bahar Dejban Claim)(Dkt. 193-2) were deemed to be timely filed as of June 28, 2021.

6. On July 13, 2021, Volusion filed an objection to the amended proof of claim by Bardia Dejban (Dkt. 255) and an objection to the amended proof of claim of Bahar Dejban (Dkt. 256) on July 13, 2021.

7. On August 12, 2021, Claimants filed responses to Volusion's July 13, 2021 objections to the amended claims of Mr. Dejban (Doc. No. 281) and Ms. Dejban (Doc. No. 282).

8. On July 20, 2021, Claimants filed a notice of appeal as to the Court's Orders of July 6 and 7, 2021. Dkt. 260. Also on July 20, 2021, Claimants filed their motion seeking leave to appeal. Dkt. 261.

## II.     FACTS RELEVANT TO RULE 56(d) MOTION

On July 6, 2021, the Court entered an Order that set a discovery deadline of January 28, 2022, in the above referenced matter. Dkt. 246. Claimant began immediately to conduct necessary discovery on the employee vs. independent contractor issue, and on other issues in the case.[1] On July 6, 2021, Claimant sent the following written discovery to Volusion: (a) Claimant Bahar Dejban's First Requests for Production to Volusion, LLC, (b) Claimant Bardia Dejban's First Requests for Production to Volusion, LLC, (c) Claimant Bahar Dejban's First Interrogatories to Volusion, LLC, and (d) Claimant Bardia Dejban's First Interrogatories to Volusion, LLC.[2]

On August 5, 2021, counsel for Volusion proposed a Temporary Protective Agreement with respect to confidential documents and information disclosed during discovery.[3] The parties reached an agreement on a Temporary Protective Agreement on August 5, 2021.[4]

On August 5, 2021, Volusion provided responses and objections to the written discovery Claimants propounded to Volusion on July 6, 2021.[5] On August 5 and 9 (via a clarification as to confidentiality), Volusion provided documents bates labeled VOLUSION 000835 – 003559. These responses were deficient.[6]

On August 6, 2021, Volusion filed a motion for summary judgment with respect to the

---

[1] Gillespie Declaration of August 26, 2021, ¶4.
[2] *Id.*
[3] Gillespie Declaration of August 26, 2021, ¶5.
[4] *Id.*
[5] Gillespie Declaration of August 26, 2021, ¶6.
[6] *Id.*

CLAIMANTS' RULE 56(d) MOTION                                                                                      Page 3

proof of claim filed by Bahar Dejban, with a 21-day response deadline.[7] Dkt. 276. Volusion transmitted its motion to Claimants' counsel at 4:39 PM on August 6, 2021. Viewing the motion as premature and unfounded, at 5:07 PM on August 6, 2021, Claimants' counsel sent this email message to Volusion's counsel:

> Volusion Counsel:
>
> Claimants will oppose this motion. On the merits in us (sic) unfounded. We can agree to disagree about that and see what the Court says. However, it is plainly premature in light of ongoing discovery on this issue. Will you agree to extend the response deadline until 21 days after the conclusion of discovery? Please let me know by noon on Monday (8/9/21) whether you will oppose a motion under Rule 56(d) FRCP.
>
> Thanks -
>
> Hal Gillespie[8]

On August 9, 2021, Volusion counsel asserted Volusion's MSJ Motion was not premature and stated it would oppose a motion under Rule 56(d).[9]

Volusion's motion for summary judgment seeks dismissal now, prior to the discovery permitted by the Court's July 6, 2021 Order, of all Ms. Dejban's California statutory claims based on Volusion's affirmative defense that "Ms. Dejban was never an employee and therefore, as a matter of law, none of the discrimination statutes pursuant to which she bases the Bahar Dejban Claim applies (sic) to her." Dkt. 276, p. 2. Volusion also seeks dismissal of Ms. Dejban's harassment claim as a matter of law. *Id.* Volusion's MSJ Motion interferes with Claimant's discovery efforts, because Claimant is required to respond to it within the 21-day deadline.[10] This,

---

[7] Gillespie Declaration of August 26, 2021, ¶7.
[8] *Id.*
[9] *Id.*
[10] Gillespie Declaration of August 26, 2021, ¶8.

CLAIMANTS' RULE 56(d) MOTION                                                                 Page 4

plus the delay caused by incomplete discovery responses to Claimants' initial written discovery, has eroded some of the (almost) seven-month time period permitted for discovery in this case.[11] In order to oppose summary judgment, it is essential for Claimants to take the deposition of Tim Stallkamp to cross examine him about his testimony (and his personal knowledge, if any) concerning the employee vs. independent contractor issue in this declaration of August 6, 2021 submitted as Exhibit 1 to Volusion's MSJ Motion (Doc. No. 276-1).[12]

The written discovery Claimants sent to Volusion on July 6, 2021, contained interrogatories and document requests that, inter alia, addressed the question of whether Ms. Dejban was an employee of Volusion, regardless of label, and sought discovery about what happened between Ms. Dejban and Volusion (and its agents) from the change in the Board of Managers in 2020 up to the termination communications Volusion sent to Ms. Dejban on July 27, 2020.[13] Although Volusion responded to this written discovery on August 5, 2021, Claimants' counsel considers Volusion's discovery responses are deficient.[14] Claimants' counsel promptly raised this with Volusion's counsel.[15] In a telephone conference with counsel for Volusion on August 6, Claimants' counsel advised that he would get back to them about problems with Volusion's responses to written discovery, that there were lots of problems with Volusion's discovery responses, but that Volusion's refusal to provide the "identify" information was the first thing to discuss, that the refusal was unacceptable and that Claimants can and must pursue this.[16] In that August 6, 2021, phone conference, Volusion's counsel declined to take any action to

---

[11] *Id.*

[12] *Id.*

[13] Gillespie Declaration of August 26, 2021, ¶9.

[14] *Id.*

[15] *Id.*

[16] *Id.*

address the deficient "identify" responses.[17]

Bahar Dejban's First Interrogatories to Volusion, LLC included the following interrogatory related to Volusion's independent contractor defense:

**INTERROGATORY NO. 15:**

If you contend that MS. DEJBAN was not an "Employee" covered by the California Fair Employment and Housing Act (FEHA) at the time of (and just prior to) her termination, please state in detail the basis for such contention.[18]

Volusion's response dated August 5, 2021 supplied this answer, verified (based on purported personal knowledge) by Troy Pike:

**RESPONSE:** The Reorganized Debtor objects to this interrogatory as vague and ambiguous given the use of the term "Employee" with reference to California law but without further definition.

Notwithstanding the foregoing, to the extent Ms. Dejban provided services to the Debtor under the DK Independent Contractor Agreement, she did not do so as an employee as that term is ordinarily understood. The Debtor had no right to control Ms. Dejban's work. The DK Independent Contractor Agreement expressly provided that "[i]t is the express intention of the parties that [DK] is an independent contractor. Nothing in this Agreement shall in any way be construed to constitute Contractor as an agent, employee, or representative of [Volusion], but [DK] shall perform the Services hereunder as an independent contractor." DK, with Bahar Dejban as "owner," agreed to "render to the Company . . . General Counsel Services . . . as requested by Company's CEO and/or Founder." Ms. Dejban did not report to or answer to the Debtor or its executives or Board with respect to how she chose to accomplish the legal services she provided. For example, at times Ms. Dejban hired outside specialist law firms to assist with legal matters; other times Ms. Dejban advised the Debtor directly. And while California specifically includes independent contractors within the scope of the prohibition on harassment, Ms. Dejban was not subject to harassment.[19]

In order to oppose summary judgment, Claimants' counsel considers it to be essential for Claimants to take the deposition of Troy Pike to cross examine Mr. Pike about this response and

---

[17] *Id.*

[18] Gillespie Declaration of August 26, 2021, ¶10.

[19] *Id.*

CLAIMANTS' RULE 56(d) MOTION          Page 6

the basis, if any, for his purported personal knowledge.[20] Claimants counsel also believes that after (but not before) review of document production (see Paragraphs 12 and 13 below), it is also essential for Claimants to take the depositions of some or all the following with respect to Volusion's independent contractor defense: Kevin Sproles, Timothy Stallkamp, April Summersett, Kabutey Ebeheakey, Neil Patel, Rebecca Kersey, Lance Wright, Randon Kelly, Sandra Nguyen, Jay Motwani, Allison Garrison, Brett Mclaughlin, Kevin Sproles and Wayne Scott. The need for these depositions (except as to Kevin Sproles) is supported by "Bahar Dejban's Integral Part of Volusion's Business" document, **Exhibit 1** to Declaration of Bahar Dejban dated August 26, 2021.[21] The need for the deposition of Kevin Sproles is supported by the Declaration of Bahar Dejban dated August 26, 2021, paragraphs 6(e), 6(n) and 9.[22]

Bahar Dejban's First Requests for Production to Volusion, LLC included the following requests that relate to the employee vs. independent contractor issue:

**REQUEST FOR PRODUCTION NO. 1:**

Please provide the complete personnel file(s) of the following, including but not limited to performance evaluations, disciplinary records, awards, complaints, financial agreements, safety records, time records, and attendance records: MS. DEJBAN; and any person who has assumed any of the former job duties of MS. DEJBAN. NOTE: This request is meant to include, but is not limited to, any DOCUMENTS in the individual's personnel file (formal or informal) or elsewhere, kept by VOLUSION to which VOLUSION has access.

**REQUEST FOR PRODUCTION NO. 8:**

Please produce all DOCUMENTS YOU reviewed or considered in the course of discussing, recommending, making or considering the decision to TERMINATE the employment (or contractor relationship) of MS. DEJBAN with VOLUSION.

---

[20] Gillespie Declaration of August 26, 2021, ¶11.

[21] *Id.*

[22] *Id.*

CLAIMANTS' RULE 56(d) MOTION                                                                                   Page 7

**REQUEST FOR PRODUCTION NO. 9:**

Please produce all DOCUMENTS that YOU contend relate to, SHOW, reflect or support any alleged legitimate, non-discriminatory reason for the TERMINATION of MS. DEJBAN by VOLUSION.

**REQUEST FOR PRODUCTION NO. 11:**

Please produce all DOCUMENTS created during the TIME PERIOD which describe, comment on, or refer to the performance of MS. DEJBAN.

**REQUEST FOR PRODUCTION NO. 18:**

Please produce all organizational charts, maps, graphs or other DOCUMENTS SHOWING the location and/or organizational structure of VOLUSION and its section, group or department in which MS. DEJBAN worked at all times during the TIME PERIOD.

**REQUEST FOR PRODUCTION NO. 21:**

Please produce all DOCUMENTS regarding or EVIDENCING communications between MS. DEJBAN and YOU, any member of the VOLUSION Board of Managers, STALLKAMP, and/or Dwyane Hyzak relating to any claim or defense alleged in this matter.

**REQUEST FOR PRODUCTION NO. 24:**

Please produce any documents which YOU identified or referenced in your responses to Bahar Dejban's First Set of Interrogatories in this matter, or which YOU reviewed in preparing your responses to the same.

**REQUEST FOR PRODUCTION NO. 37:**

Please produce all contracts or other signed agreements between MS. DEJBAN and VOLUSION.

**REQUEST FOR PRODUCTION NO. 38:**

Please produce all contracts or other signed agreements between VOLUSION and DK Strategic Solutions, LLC.

**REQUEST FOR PRODUCTION NO. 40:**

Please produce all documents reflecting or describing or SHOWING the duties of MS. DEJBAN with VOLUSION during the TIME PERIOD.

**REQUEST FOR PRODUCTION NO. 41:**

Please produce all payroll records or other DOCUMENTS SHOWING payments of or by VOLUSION created during the TIME PERIOD for the following individuals and/or entities:

a.  MS. DEJBAN;

b.  DK Strategic Solutions, LLC;

c.  Shawn Khorrami;

d.  MR. DEJBAN;

e.  Kevin Sproles;

f.  David Snyder;

g.  Jackson Walker LLP;

h.  STALLKAMP;

i.  Curt Lindeman;

j.  Jeremy Rosenthal;

k.  Troy Pike;

l.  Any person who (or entity that) took over all or part of MS. DEJBAN'S former job responsibilities with VOLUSION; and

m.  Any person who (or entity that) took over all or part of MR. DEJBAN'S former job responsibilities with VOLUSION

**REQUEST FOR PRODUCTION NO. 42:**

Please produce all documents SHOWING the performance of MS. DEJBAN for VOLUSION during the TIME PERIOD.

**REQUEST FOR PRODUCTION NO. 44:**

Please produce all agendas, minutes, and/or handwritten notes, as well as all typed versions and/or summaries of all handwritten notes taken (or made) by any agent or employee of VOLUSION, STALLKAMP, Dwyane Hyzak, and/or any member of the VOLUSION Board of Managers with respect to any meeting (in person, by phone or otherwise) with MS. DEJBAN during the period of time

between June 9, 2020 and August 1, 2020.

**REQUEST FOR PRODUCTION NO. 45:**

Please produce all DOCUMENTS or other tangible items evidencing or relating to raises, awards, commendations, or other praise/and or favorable comments, announcements, and/or statements concerning the performance of MS. DEJBAN with VOLUSION during the TIME PERIOD.

**REQUEST FOR PRODUCTION NO. 46:**

Please produce all job descriptions for the position of General Counsel (or substantially similar position) for VOLUSION, from January 1, 2016 through the present.

**REQUEST FOR PRODUCTION NO. 48:**

Please produce all DOCUMENTS that SHOW any investigation concerning MS. DEJBAN prior to her termination by VOLUSION.[23]

On August 23, 2021, Claimants' counsel sent a twenty-six page deficiency letter to Volusion's counsel.[24] This letter addressed alleged deficiencies in response to interrogatories and document requests propounded by Claimant Bahar Dejban.[25] Claimants assert that it will be necessary to address similar deficiencies with respect to interrogatories and document requests propounded by Claimant Bardia Dejban, but that the task of preparing a Rule 56(d) motion and a response to Volution's motion for summary judgment as to Bahar Dejban has precluded that task thus far.[26] Of 22 interrogatories propounded by Ms. Dejban to Volusion on July 6, 2021, Volusion's August 5, 2021 response was allegedly deficient as to 9.[27] Of 49 requests for production of documents propounded by Ms. Dejban to Volusion on July 6, 2021, Volusion's

---

[23] Gillespie Declaration of August 26, 2021, ¶12.

[24] Gillespie Declaration of August 26, 2021, ¶13; see **Exhibit 1** to Gillespie Declaration of August 26, 2021.

[25] *Id.*

[26] *Id.*

[27] *Id.*

August 5, 2021 response was allegedly deficient as to 34.[28] Claimants' counsel will attempt to reach agreement with counsel for Volusion as to all these discovery disputes, but this will take time.[29]

Besides reviewing written discovery that addresses the question of whether Ms. Dejban was an employee employed by Volusion, regardless of label, and that explores the facts of alleged harassment, Claimants will need to take a series of depositions to adequately respond to Volusion's motion for summary judgment.[30] Prior to taking any of these depositions, Claimants need to obtain and review written discovery – the necessary predicate for proper depositions.[31]

    a.    As to the employee or independent contractor question, Claimants need to take the following depositions: Kabutey Ebeheakey, Allison Garrison, Randon Kelly, Rebecca Kersey, Brett Mclaughlin, Jay Motwani, Sandra Nguyen, Neil Patel, Troy Pike, Wayne Scott, Kevin Sproles, Timothy Stallkamp, April Summersett, and Lance Wright.[32] The need for these depositions (except as to Kevin Sproles) is confirmed the Declaration of Tim Stallkamp, the Verification by Troy Pike, and by "Bahar Dejban's Integral Part of Volusion's Business" document, Exhibit 1 to Declaration of Bahar Dejban dated August 25, 2021.[33] The need for the deposition of Kevin Sproles is shown by the Declaration of Bahar Dejban dated August 26, 2021, paragraphs 6(e), 6(n) and 9.[34]

    b.    As to the facts leading up to the termination communications Volusion sent to Ms.

---

[28] *Id.*

[29] *Id.*

[30] Gillespie Declaration of August 26, 2021, ¶14.

[31] *Id.*

[32] *Id.*, ¶14(a).

[33] *Id.*

[34] *Id.*

Dejban on July 27, 2020, it is essential in order to respond to Volusion's MSJ Motion for Claimants to take the following depositions: Curt Lindeman, Troy Pike, David Snyder, Jeremy Rosenthal and Tim Stallkamp.[35] The need for these depositions as to alleged harassment is shown by the Complaint in the First California Lawsuit, attached to the Proof of Claim of Bahar Dejban (Doc. No. 241-12), Complaint pp. 2-3, 10 - 15, ¶¶ 4-7, 35-41, 45-48.[36]

### III. ARGUMENT

#### A. Volusion's Timing Undermines the Court's Order of July 6, 2021

Prior to the hearing on June 28, 2021, Claimants argued to the Court that discovery in this case would require at least a ten to twelve month process. See Reply in Support of Motion to Modify Discharge Injunction, dated May 11, 2021, Doc. No. 203, p. 4; Doc. 203-1, Gillespie Declaration of May 11, 2021, ¶ 7.

On June 2, Volusion submitted a proposed scheduling order asking for a Fact Discovery Deadline of July 27, 2021 (i.e. providing for only 9 days of discovery). At the June 28, 2021 hearing, the Court heard arguments by Volusion and Claimants' counsel about the amount of time that should be allowed for discovery. The Court then ruled, providing for a discovery period from June 28, 2021 to January 28, 2022, a total of almost seven months. Doc. No. 246, ¶ 5.

Volution's MSJ Motion filed August 6, 2021 requires a response within 21 days, on or before August 28, 2021. From the date discovery began in this matter on June 28, 2021, until Volusion filed Volusion's MSJ Motion, there was only 39 days for discovery, and 189 days (over six months) remained for discovery. Volusion's MSJ Motion interferes with Claimant's discovery efforts, because Claimant is required to respond to it within the 21-day deadline. This, plus the

---

[35] *Id.*, ¶14(b).

[36] *Id.*

delay caused by incomplete discovery responses to Claimants' initial written discovery, has eroded some of the (almost) seven-month time period permitted for discovery in this case. See Gillespie Declaration of August 26, 2021, ¶ 7.

### B.     Claimants Meet the Requirements for a Rule 56(d) Continuance

The Fifth Circuit rule is that Rule 56(d) motions are broadly favored; the rule is designed to "further discovery to safeguard non-moving parties from summary judgment motions that they cannot adequately opposed. *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006)(dealing with Rule 56(f) that is now Rule 56(d)). Such motions are to be liberally granted, *Id.* at 872, and "'almost as a matter of course' unless 'the non-moving party has not diligently pursued discovery of the evidence.'" *Wichita Falls Office Associates v. Banc One Corp.*, 978 F.2 915, 919 n.4 (5th Cir. 1992),(quoting *International Shortstop, Inc. V. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059 (1992), *cert. denied*, 508 U.S. 910 (1993). The diligence required is to avoid "sloth." *Culwell*, supra at 873. There is a 3-prong requirement: the non-moving party must (1) request the continuance before the district court rules on the motion for summary judgment; (2) put the district court on notice that he is seeking further discovery pertaining to the pending motion; and (3) demonstrate to the court specifically how the requested discovery pertains to the pending motion. *Wichita Falls Office Associates v. Banc One Corp.*, *supra*, 978 F.2d at 919.

#### 1.     Plaintiff Has Been Diligent in Discovery

Claimants have been prompt and diligent in pursuing discovery in this matter. Please see Gillespie Declaration of August 26, 2021, pp. 1-2, Paragraph 4; pp. 3-4, Paragraphs 9-10; and pp. 5-8, Paragraphs 12-13. The timeliness and diligence of Plaintiff's counsel in this matter stands out in stark (better) contrast to the facts in cases such as *Adams v. Travelers Indem. Co. of Conn.,* 465

F.3d 156 (5th Cir. 2006), where a district court denied a motion for a third continuance of time to respond to a motion for summary judgment. Here there is no "neglect," let alone a need to prove excusable neglect. A party should be given a "full and fair opportunity" to discover information essential to oppose summary judgment, and limitation of such discovery is reversible error. *Brown v. Mississippi Valley State Univ.*, 311 F.3d 328, 333 (5th Cir. 2002).

### 2. Plaintiff's Rule 56(d) Motion is Timely

The response to Volusion's MSJ Motion is due tomorrow, and the Court has not ruled on the motion. This motion for a Rule 56(d) continuance is timely.

### 3. Plaintiff Needs the Requested Further Discovery to Respond to the Pending MSJ

At the necessary risk of providing Volusion with a roadmap to written discovery follow up and deposition testimony Claimants will seek, Claimants are providing the Court detail and specificity of how the discovery they will seek could give rise to a genuine issue of material fact. This is the test under *Culwell*, 468 F.3d at 873. The Declaration of Hal Gillespie addresses discovery needed and sought in terms of follow-up on written discovery and from many deponents as to the issues addressed in Volusion's MSJ Motion. Please see Gillespie Declaration of August 26, 2021, pp. 3-9, Paragraphs 9-14.

## IV.    CONCLUSION

For the reasons set forth above, Claimants Bahar Dejban and Bardia Dejban respectfully ask this Court to grant their Rule 56(d) motion and to allow Claimants until January 7, 2022, 21 days before the January 28, 2022, completion of the discovery period previously set by the Court's Order of July 6, 2021 (Dkt. 246) to file their response to Volusion's MSJ Motion and for such other and further relief as to which they may show themselves to be justly entitled.

Dated:  August 26, 2021

Respectfully submitted,

  /s/Hal K. Gillespie
Hal K. Gillespie (SBN 07925500)
Gillespie Sanford LLP
4803 Gaston Ave
Dallas, TX 75246
Tel:   (214) 800-5111
Fax:   (214) 838-0001

Attorney for Plaintiffs Bardia Dejban
and Bahar Dejban

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of August 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas, and via electronic mail upon the following:

Jennifer F. Wertz
jwertz@jw.com

  /s/Hal K. Gillespie
Hal K. Gillespie