IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| VOUSION, LLC, | § | Chapter 11 |
| | § | |
| | § | Case No. 20-50082 (DRJ) |
| Debtor. | § | |

**DECLARATION OF HAL K. GILLESPIE**

STATE OF TEXAS

COUNTY OF DALLAS

I hereby declare pursuant to 28 U.S.C § 1746:

1. My name is Hal K. Gillespie. I am over the age of eighteen (18) years, of sound mind, and fully capable of making this declaration. I am fully competent to testify to the matters stated in this declaration, all of which is true, and of which I have personal knowledge.

2. I am a partner in the law firm Gillespie Sanford LLP. I am lead counsel for Claimants Bardia Dejban (hereinafter "Mr. Dejban") and Bahar Dejban (hereinafter "Ms. Dejban) (jointly "Claimants" or "the Dejban Claimants") in the above referenced matter.

3. This declaration is in support of Claimants' Rule 56(d) Motion for Extension to Respond to Motion for Summary Judgment With Respect to Claim Filed by Bahar Dejban.

4. On July 6, 2021, the Court entered an Order that set a discovery deadline of January 28, 2022, in the above referenced matter. Dkt. 246. I began immediately to conduct necessary discovery on the employee vs. independent contractor issue, and on other issues in the case. On July 6, 2021, I sent the following written discovery to Volusion: (a) Claimant Bahar Dejban's First Requests for Production to Volusion, LLC, (b) Claimant Bardia Dejban's First Requests for

Production to Volusion, LLC, (c) Claimant Bahar Dejban's First Interrogatories to Volusion, LLC, and (d) Claimant Bardia Dejban's First Interrogatories to Volusion, LLC.

5. On August 5, 2021, counsel for Volusion proposed a Temporary Protective Agreement with respect to confidential documents and information disclosed during discovery. The parties reached an agreement on a Temporary Protective Agreement on August 5, 2021.

6. On August 5, 2021, Volusion provided responses and objections to the written discovery Claimants propounded to Volusion on July 6, 2021. On August 5 and 9 (via a clarification as to confidentiality), Volusion provided documents bates labeled VOLUSION 000835 – 003559. These responses were deficient. See Paragraph 13, below.

7. On August 6, 2021, Volusion filed a motion for summary judgment with respect to the proof of claim filed by Bahar Dejban, with a 21-day response deadline. Dkt. 276. Volusion transmitted its motion to me at 4:39 PM on August 6, 2021. Viewing the motion as premature and unfounded, at 5:07 PM on August 6, 2021, I sent this email message to Volusion's counsel:

> Volusion Counsel:
>
> Claimants will oppose this motion. On the merits in us (sic) unfounded. We can agree to disagree about that and see what the Court says. However, it is plainly premature in light of ongoing discovery on this issue. Will you agree to extend the response deadline until 21 days after the conclusion of discovery? Please let me know by noon on Monday (8/9/21) whether you will oppose a motion under Rule 56(d) FRCP.
>
> Thanks -
>
> Hal Gillespie

On August 9, 2021, Volusion counsel asserted Volusion's MSJ Motion was not premature and stated it would oppose a motion under Rule 56(d).

8. Volusion's motion for summary judgment seeks dismissal now, prior to the discovery

DECLARATION OF HAL K. GILLESPIE    Page 2

permitted by the Court's July 6, 2021 Order, of all Ms. Dejban's California statutory claims based on Volusion's affirmative defense that "Ms. Dejban was never an employee and therefore, as a matter of law, none of the discrimination statutes pursuant to which she bases the Bahar Dejban Claim applies (sic) to her." Dkt. 276, p. 2. Volusion also seeks dismissal of Ms. Dejban's harassment claim as a matter of law. *Id.* Volusion's MSJ Motion interferes with Claimant's discovery efforts, because Claimant is required to respond to it within the 21-day deadline. This, plus the delay caused by incomplete discovery responses to Claimants' initial written discovery, has eroded some of the (almost) seven-month time period permitted for discovery in this case. In order to oppose summary judgment, it is essential for Claimants to take the deposition of Tim Stallkamp to cross examine him about his testimony (and his personal knowledge, if any) concerning the employee vs. independent contractor issue in this declaration of August 6, 2021 submitted as Exhibit 1 to Volusion's MSJ Motion (Doc. No. 276-1).

9.     The written discovery I sent to Volusion on July 6, 2021, on behalf of Claimants contained interrogatories and document requests that, inter alia, addressed the question of whether Ms. Dejban was an employee of Volusion, regardless of label, and sought discovery about what happened between Ms. Dejban and Volusion (and its agents) from the change in the Board of Managers in 2020 up to the termination communications Volusion sent to Ms. Dejban on July 27, 2020. Although Volusion responded to this written discovery on August 5, 2021, in my view, Volusion's discovery responses are deficient. I promptly raised this with Volusion's counsel. In a telephone conference with counsel for Volusion on August 6, I advised that I would get back to them about problems with Volusion's responses to written discovery. I advised that there were lots of problems with Volusion's discovery responses, but that Volusion's refusal to provide the "identify" information was the first thing to discuss, that the refusal was unacceptable and that we

can and must pursue this. In that August 6, 2021, phone conference, Volusion's counsel declined to take any action to address the deficient "identify" responses.

10. Bahar Dejban's First Interrogatories to Volusion, LLC included the following interrogatory related to Volusion's independent contractor defense:

**INTERROGATORY NO. 15:**

If you contend that MS. DEJBAN was not an "Employee" covered by the California Fair Employment and Housing Act (FEHA) at the time of (and just prior to) her termination, please state in detail the basis for such contention.

Volusion's response dated August 5, 2021 supplied this answer, verified (based on purported personal knowledge) by Troy Pike:

**RESPONSE:** The Reorganized Debtor objects to this interrogatory as vague and ambiguous given the use of the term "Employee" with reference to California law but without further definition.

Notwithstanding the foregoing, to the extent Ms. Dejban provided services to the Debtor under the DK Independent Contractor Agreement, she did not do so as an employee as that term is ordinarily understood. The Debtor had no right to control Ms. Dejban's work. The DK Independent Contractor Agreement expressly provided that "[i]t is the express intention of the parties that [DK] is an independent contractor. Nothing in this Agreement shall in any way be construed to constitute Contractor as an agent, employee, or representative of [Volusion], but [DK] shall perform the Services hereunder as an independent contractor." DK, with Bahar Dejban as "owner," agreed to "render to the Company . . . General Counsel Services . . . as requested by Company's CEO and/or Founder." Ms. Dejban did not report to or answer to the Debtor or its executives or Board with respect to how she chose to accomplish the legal services she provided. For example, at times Ms. Dejban hired outside specialist law firms to assist with legal matters; other times Ms. Dejban advised the Debtor directly. And while California specifically includes independent contractors within the scope of the prohibition on harassment, Ms. Dejban was not subject to harassment.

11. In order to oppose summary judgment, it is essential for Claimants to take the deposition of Troy Pike to cross examine Mr. Pike about this response and the basis, if any, for his purported personal knowledge. After review of document production (see Paragraph 12 below), it is also

essential for Claimants to take the depositions of some or all the following with respect to Volusion's independent contractor defense: Kevin Sproles, Timothy Stallkamp, April Summersett, Kabutey Ebeheakey, Neil Patel, Rebecca Kersey, Lance Wright, Randon Kelly, Sandra Nguyen, Jay Motwani, Allison Garrison, Brett Mclaughlin, Kevin Sproles and Wayne Scott. The need for these depositions (except as to Kevin Sproles) is supported by "Bahar Dejban's Integral Part of Volusion's Business" document, Exhibit 1 to Declaration of Bahar Dejban dated August 26, 2021. The need for the deposition of Kevin Sproles is supported by the Declaration of Bahar Dejban dated August 26, 2021, paragraphs 6(e), 6(n) and 9.

12. Bahar Dejban's First Requests for Production to Volusion, LLC included the following requests that relate to the employee vs. independent contractor issue:

> **REQUEST FOR PRODUCTION NO. 1:**
> Please provide the complete personnel file(s) of the following, including but not limited to performance evaluations, disciplinary records, awards, complaints, financial agreements, safety records, time records, and attendance records: MS. DEJBAN; and any person who has assumed any of the former job duties of MS. DEJBAN. NOTE: This request is meant to include, but is not limited to, any DOCUMENTS in the individual's personnel file (formal or informal) or elsewhere, kept by VOLUSION to which VOLUSION has access.
>
> **REQUEST FOR PRODUCTION NO. 8:**
> Please produce all DOCUMENTS YOU reviewed or considered in the course of discussing, recommending, making or considering the decision to TERMINATE the employment (or contractor relationship) of MS. DEJBAN with VOLUSION.
>
> **REQUEST FOR PRODUCTION NO. 9:**
> Please produce all DOCUMENTS that YOU contend relate to, SHOW, reflect or support any alleged legitimate, non-discriminatory reason for the TERMINATION of MS. DEJBAN by VOLUSION.
>
> **REQUEST FOR PRODUCTION NO. 11:**
> Please produce all DOCUMENTS created during the TIME PERIOD which describe, comment on, or refer to the performance of MS. DEJBAN.
>
> **REQUEST FOR PRODUCTION NO. 18:**
> Please produce all organizational charts, maps, graphs or other

DOCUMENTS SHOWING the location and/or organizational structure of VOLUSION and its section, group or department in which MS. DEJBAN worked at all times during the TIME PERIOD.

**REQUEST FOR PRODUCTION NO. 21:**
Please produce all DOCUMENTS regarding or EVIDENCING communications between MS. DEJBAN and YOU, any member of the VOLUSION Board of Managers, STALLKAMP, and/or Dwyane Hyzak relating to any claim or defense alleged in this matter.

**REQUEST FOR PRODUCTION NO. 24:**
Please produce any documents which YOU identified or referenced in your responses to Bahar Dejban's First Set of Interrogatories in this matter, or which YOU reviewed in preparing your responses to the same.

**REQUEST FOR PRODUCTION NO. 37:**
Please produce all contracts or other signed agreements between MS. DEJBAN and VOLUSION.

**REQUEST FOR PRODUCTION NO. 38:**
Please produce all contracts or other signed agreements between VOLUSION and DK Strategic Solutions, LLC.

**REQUEST FOR PRODUCTION NO. 40:**
Please produce all documents reflecting or describing or SHOWING the duties of MS. DEJBAN with VOLUSION during the TIME PERIOD.

**REQUEST FOR PRODUCTION NO. 41:**
Please produce all payroll records or other DOCUMENTS SHOWING payments of or by VOLUSION created during the TIME PERIOD for the following individuals and/or entities:

a.   MS. DEJBAN;

b.   DK Strategic Solutions, LLC;

c.   Shawn Khorrami;

d.   MR. DEJBAN;

e.   Kevin Sproles;

f.   David Snyder;

g.   Jackson Walker LLP;

     h.     STALLKAMP;

     i.     Curt Lindeman;

     j.     Jeremy Rosenthal;

     k.     Troy Pike;

     l.     Any person who (or entity that) took over all or part of MS. DEJBAN'S former job responsibilities with VOLUSION; and

     m.     Any person who (or entity that) took over all or part of MR. DEJBAN'S former job responsibilities with VOLUSION

**REQUEST FOR PRODUCTION NO. 42:**
Please produce all documents SHOWING the performance of MS. DEJBAN for VOLUSION during the TIME PERIOD.

**REQUEST FOR PRODUCTION NO. 44:**
Please produce all agendas, minutes, and/or handwritten notes, as well as all typed versions and/or summaries of all handwritten notes taken (or made) by any agent or employee of VOLUSION, STALLKAMP, Dwyane Hyzak, and/or any member of the VOLUSION Board of Managers with respect to any meeting (in person, by phone or otherwise) with MS. DEJBAN during the period of time between June 9, 2020 and August 1, 2020.

**REQUEST FOR PRODUCTION NO. 45:**
Please produce all DOCUMENTS or other tangible items evidencing or relating to raises, awards, commendations, or other praise/and or favorable comments, announcements, and/or statements concerning the performance of MS. DEJBAN with VOLUSION during the TIME PERIOD.

**REQUEST FOR PRODUCTION NO. 46:**
Please produce all job descriptions for the position of General Counsel (or substantially similar position) for VOLUSION, from January 1, 2016 through the present.

**REQUEST FOR PRODUCTION NO. 48:**
Please produce all DOCUMENTS that SHOW any investigation concerning MS. DEJBAN prior to her termination by VOLUSION.

13.    On August 23, 2021, I send a twenty-six page deficiency letter to Volusion's counsel, **Exhibit 1** hereto. This letter addressed deficiencies in response to interrogatories and document requests propounded by Claimant Bahar Dejban. It will be necessary for me to address similar

deficiencies with respect to interrogatories and document requests propounded by Claimant Bardia Dejban, but the task of preparing a Rule 56(d) motion and a response to Volution's motion for summary judgment as to Bahar Dejban has precluded that task thus far. Of 22 interrogatories propounded by Ms. Dejban to Volusion on July 6, 2021, Volusion's August 5, 2021 response was deficient in my opinion (as shown by Exhibit 1) as to 9.  Of 49 requests for production of documents propounded by Ms. Dejban to Volusion on July 6, 2021, Volusion's August 5, 2021 response was deficient in my opinion (as shown by Exhibit 1) as to 34.   I will attempt to reach agreement with counsel for Volusion as to all these discovery disputes, but it is apparent that smooth and prompt discovery is not happening in this case.

14.     Besides written discovery that addresses the question of whether Ms. Dejban was an employee employed by Volusion, regardless of label, and alleged harassment, Claimants will need to take a series of depositions to adequately respond to Volusion's motion for summary judgment. Prior to taking any of these depositions, Claimants need to obtain and review written discovery – the necessary predicate for proper depositions.

    a.     As to the employee or independent contractor question, Claimants need to take the following depositions:  Kevin Sproles, Timothy Stallkamp, April Summersett, Kabutey Ebeheakey, Neil Patel, Rebecca Kersey, Lance Wright, Randon Kelly, Sandra Nguyen, Jay Motwani, Allison Garrison, Brett Mclaughlin, Kevin Sproles and Wayne Scott.  The need for these depositions (except as to Kevin Sproles) is confirmed by "Bahar Dejban's Integral Part of Volusion's Business" document, Exhibit 1 to Declaration of Bahar Dejban dated August 25, 2021. The need for the deposition of Kevin Sproles is shown by the Declaration of Bahar Dejban dated August 25, 2021, paragraphs 6(e), 6(n) and 9.

    b.     As to the facts leading up to the termination communications Volusion sent to Ms.

Dejban on July 27, 2020, Claimants need to take the following depositions: David Snyder, Troy Pike, Jeremy Rosenthal, and Curt Lindeman. The need for these depositions as to alleged harassment is shown by the Complaint in the First California Lawsuit, attached to the Proof of Claim of Bahar Dejban (Doc. No. 241-12), Complaint pp. 2-3, 10 - 15, ¶¶ 4 – 7, 35 – 41, 45 – 48.

10.

15.     Further affiant sayeth not.

I hereby declare under penalty of perjury that the foregoing is true and correct. Executed on August 26, 2021.

      /S/ *Hal K. Gillespie*
      Hal K. Gillespie